# COUNTY OF SOMERSET.

---

## ABIGAIL KIDDER *versus* D. AUGUSTUS BLAISDELL.

An action for the recovery of dower is an action touching the realty; and *office copies* of deeds are admissible under the 26th rule of this Court, to establish the title and seizin of the husband.

Where, to support her action to recover dower of certain lands, the wife introduced a mortgage deed of the premises, given many years before, by her husband, on which deed appeared an assignment thereof, by the mortgagee, to one, from whom the tenant, through several mesne conveyances, derived title, if there be no evidence that the assignee ever claimed title under the mortgage, or had any knowledge of the assignment to him, the tenant will not be estopped thereby from denying that the husband had title during coverture.

That proprietors of common lands, (such as the Proprietors of Kennebec Purchase,) may alienate their lands *by vote*, is an established principle of law in this State.

It is a general rule in proving *to the Court*, the loss or destruction of a deed or other instrument, so as to make secondary evidence of the contents of the lost paper admissible, that the party should show diligent search made therefor in those places where, under the circumstances, it would probably be deposited; and, in the absence of proof or circumstances strongly tending to show the contrary, the presumption is, that those legally entitled to the custody of the paper, actually have such custody.

The *deposition* of a *party* may be taken in the same manner as that of any other witness, and may be used in a case where his testimony, as a witness upon the stand, is admissible.

This Court will take judicial notice of the towns composing the different counties in this State, and the times when, and the places where its sessions appointed by law, are to be held; and, where a deposition taken within any county in the State, which, by its caption, is returnable before this Court at a time and place appointed by law within such county, it will not presume that such deposition is, or may be, returnable before the Court in any other county and State, but the contrary:—

*Thus*, where it appeared from the caption that a deposition was taken within the county of Somerset and State of Maine, to be used in an action of dower pending between those parties before the Supreme Judicial Court, and to be tried *at Norridgewock on the 16th day of March*, 1853, it was held to be sufficient.

Kidder *v.* Blaisdell.

The caption of a deposition which states, "the adverse party was duly notified to attend and was not," (omitting the word *present,*) may be clearly understood, and cannot be regarded as substantially defective.

THIS is an action of DOWER. The writ, (which is dated Sept. 1, 1856,) contains two counts; in the first count, the demandant claims that she is dowable of a tract particularly described, and in the second, she claims as dower, one-third part of one-seventh of a tract described, containing about 140 acres. The land described in the last count includes that embraced in the first.

The defendant pleaded in bar, (1,) that plaintiff was never married to John Kidder, (her alleged husband,) and concludes with a verification. To this, plaintiff replies, alleging marriage, and tenders an issue to the country, which is joined.

Defendant, in his second plea, alleges that said John Kidder was not seized of the lands and tenements aforesaid, of such estate as that plaintiff could be endowed thereof, and tenders an issue to the country, which is joined.

Plaintiff introduced, —

1. Copy of deed, Proprietors Kennebec Purchase to Isaac Kidder, of lot 64, in Norridgewock, Feb. 13, 1812, acknowledged Feb. 17, 1812, recorded May 8, 1818.

2. Copy of deed, John Kidder and others to Isaac Kidder, dated Feb. 1, 1816, acknowledged Feb. 17, 1816, and recorded Aug. 13, 1817.

Ezekiel Heald, testified that Isaac Kidder, senior, died before Feb. 1, 1816. That he knew the farm, No. 64, in Norridgewock, on which he lived; that the persons named in the deed of February, 1816, except the persons described as husbands, were the surviving children of said Isaac, and all the children of said Isaac living Feb. 1, 1816.

Plaintiff then introduced mortgage deed, John Kidder to John Ware, dated April 21, 1819, acknowledged and recorded same month. Also assignment of the same from said Ware to Isaac Kidder, and certificate of proof of execution of same in Court with the registry thereof, March 10, 1858.

Deposition of plaintiff; also, her affidavit. Depositions of

Isaac Kidder and Bezer Bryant.   Also, attested copy from records of marriages of the town of Anson.

Said Heald further testified, that John Kidder married his sister.   He went to Michigan, has been reported to be dead for ten or twelve years at least.

There was other testimony of the same effect.   The plaintiff's evidence to be subject to all legal objections.

*In defence*, were introduced sundry deeds showing title in defendant, derived from Isaac Kidder, (the younger.)

The case was withdrawn from the jury, to be submitted to the full Court, on REPORT of TENNEY, C. J., who presided at the trial.   Judgment to be rendered according to the legal rights of the parties, upon the proofs, so far as they are legally admissible.   If for the plaintiff, damages to be determined as agreed upon.

The case was argued by *J. S. Abbott*, for the demandant.

*D. D. Stewart*, for the defendant, argued :—

The defendant is not estopped, as is contended by plaintiff, by the deed of John Kidder and others to Isaac Kidder, to deny the seizin of John Kidder.   It is only a deed of *quit-claim*, purporting to release only all the right, title and interest which the grantors had, with no affirmation that they had any ; and, according to the late authorities in this State and Massachusetts, would not estop even John Kidder himself, much less any body else.   It is no proof of any seizin in John Kidder, during the coverture.   2 Greenl. 226 ; 1 Fairf. 383 ; 14 Maine, 351 ;  6 Greenl. 243 ;  28 Maine, 259 ;  *Coe, petitioner*, v. *persons unknown*, 43 Maine 432.

The plaintiff's evidence being expressly subject to all legal objections, it is contended that an action of dower is not a technical action *touching the realty*, and is not, therefore, within the rule of this Court admitting *copies* of deeds.   *Sellars* v. *Carpenter*, 27 Maine, 497 ;  *Croude* v *Ingraham*, 13 Pick. 33.

The copy of the paper, which is called a *deed*, from the Proprietors Kennebec Purchase to Isaac Kidder, is merely a *copy* of a certificate of what a person, who calls himself clerk,

says, was voted by those proprietors. The Court cannot take *judicial notice* of the Proprietors of the Kennebec Purchase, any more than of any other proprietary or corporation. The instrument does not purport to convey any title to Isaac Kidder. There is no legal evidence of the existence of such corporation; that such corporation ever owned the land or ever conveyed it to Isaac Kidder. The proprietors have always been required to prove their title in actions in which they have been parties. *Proprietors Kennebec Purchase* v. *Call*, 1 Mass. 483; *Winthrop* v. *Curtis*, 3 Greenl. 110; *Proprietors Kennebec Purchase* v. *Laboree*, 2 Greenl. 276.

Those claiming under them can be in no better condition. *Dolloff* v. *Hardy*, 26 Maine, 545.

The mortgage deed from John Kidder to John Ware, is inadmissible. It is between other parties. The assignment was never recorded until long after this suit was commenced. That mortgage might have estopped John Kidder in a suit by Ware or his assignee, but no one else would be estopped by it. That mortgage was made and recorded, April 21, 1819. More than thirty-two years had elapsed after the mortgage became due, before the defendant took his deed. He had a right to presume it paid. The assignment had not been recorded; and there is no proof that it ever took effect — that Isaac Kidder ever knew of it, or ever assented to it.

The plaintiff offers the deposition of Isaac Kidder, to prove a conveyance from him to John Kidder, of 56 acres of the land in controversy, and claims dower of one-third thereof. But it is not pretended that the deed was ever recorded, and therefore has no validity against the defendant, who purchased the land without knowledge or notice of it. *Blood* v. *Blood*, 33 Pick. 89; *Young* v. *Tarbell*, 37 Maine, 513; *Purrinton* v. *Pierce*, 38 Maine 447; *Emerson* v. *Harris*, 6 Met. 475.

Whatever defeated the title of John Kidder, if he ever had any, will also defeat his wife's claim to dower.

The *deposition* of plaintiff, in her own case, is inadmissible.

The affidavit of plaintiff is also objected to. If her *deposition* is objectionable, *a fortiori* is her affidavit.

Kidder *v*. Blaisdell.

The affidavit of a party is admissible, it is true, in some cases, to prove the fact of loss of a paper. But this rule is understood to extend only to cases where the paper itself, alleged to be lost, is properly to be found in the custody of the party making the affidavit. The alleged deed in the present case, was never in the custody of the plaintiff. At least, the case does not show it ever in her possession. After the death of John Kidder, it would properly belong to his heirs, and would properly be in their custody and not in the plaintiff's. For aught the case shows, it is in their custody still. No attempt is made by the plaintiff to ascertain the fact, and, we contend, her affidavit is wholly inadmissible. And its recitations of other matters not relating to the deed, are, of course, equally inadmissible.

There is, therefore, no legal evidence in the case of the loss of the alleged deed. And, upon this ground, also, the deposition of Isaac Kidder is wholly inadmissible to prove its alleged contents.

But we object to the deposition of Isaac Kidder for defects in the caption. The magistrate certifies that the adverse party was duly notified to attend, and was not." Now this leaves the caption without any statement, which the statute requires, as to whether the adverse party was notified. The magistrate certifies that the adverse party was and was not notified. One statement negatives the other, and leaves the caption silent upon the subject. Besides, the statute requires the magistrate to state in his caption whether the adverse party attended or not. This caption is silent on that subject. But again, the statute requires the magistrate to state in his caption the court in which the action is to be tried, and the time and place of trial. Neither of these provisions is complied with. The caption shows that the deposition was taken in Somerset county. But it is wholly silent as to the county or State where the court sits which is to try the case. Every word of the caption might be strictly true, and yet the court be the Supreme Judicial Court of Michigan, to be held at Norridgewock in that State.

We object to the deposition of Bezer Bryant for the same reasons, and also, because it does not appear by the caption that the "adverse party" was notified to attend. Nor does it appear that he attended or did not attend.

There is no legal and sufficient proof of the marriage of the plaintiff with John Kidder. The depositions of the plaintiff and Bezer Bryant, are inadmissible for the reasons already given. No other proof is offered for that purpose but the record of the town of Anson. This record does not contain the plaintiff's name at all, and if it did, it would not be sufficient without proof of the identity of the parties named in the record with those before the Court. *State* v. *Wedgwood*, 8 Greenl. 75.

There is no legal and sufficient proof of the death of John Kidder.

The opinion of the Court was drawn up by

RICE, J. — Real actions are those which concern the realty only, by which the demandant claims title to have any lands or tenements, rents or other heraditaments, in fee simple, fee tail, or for term of life. 3 Black. Com. 117. Dower is an estate for life created by law. 4 Kent's Com. 35. Dower *unde nihil habet*, is a writ of right in its nature. Com. Dig. title Dower, G. 2. An action for the recovery of dower is necessarily an action touching the realty.

To the consummation of the title to dower, three things are requisite, viz.: marriage, seizin of the husband, and his death. Co. Lit. 31, A.; 4 Kent's Com. 36.

The fact that the demandant was lawfully married to John Kidder, sufficiently appears from the records of the town of Anson, and the deposition of Bezer Bryant, independent of her own deposition. The marriage occurred in June, 1808.

To establish title and seizin in her husband, during coverture, office copies of deeds are admissible under the 26th rule of this Court.

The copy of the deed or grant from the Proprietors of the Kennebec Purchase to Isaac Kidder, was properly admitted.

It is a principle of law, well established in this State and Massachusetts, that towns and proprietors of common lands may alienate their lands by vote. *Thorndike* v. *Barrett*, 3 Maine, 380; *Adams* v. *Frothingham*, 3 Mass. 352; *Springfield* v. *Miller*, 12 Mass. 415.

In *Thorndike* v. *Barrett*, the Court say: " all the conveyances of property in severalty, by the Proprietors of the Kennebec Purchase, are effected by their vote, by which, as they express it, they 'vote, grant and assign,' to A. B., &c.; and, by another vote, a mode of certifying such vote, or grant, and perpetuating the evidence of it, for the use and in the possession of the grantee, or person to whom the land is voted, is designated; to which mode the clerk of the proprietors conforms by giving an instrument in the nature of a certificate of the vote, and in some degree resembling a deed; being under the seal of the company, and signed and acknowledged by the clerk before a justice of the peace." Instruments of this character, which are in all respects similar to the grant or deed to Isaac Kidder, have uniformly been held by the Courts, both of this State and Massachusetts, to pass an indefeasible title from the Proprietors of the Kennebec Purchase. It is believed that all their lands on the Kennebec river were granted by similar proceedings, and that the large territory formerly owned by that company on that river is now held under deeds in all respects like the one now under consideration. That grant, or deed, conveyed to Isaac Kidder an indefeasible title to the land now in controversy. The evidence shows that Isaac Kidder, at the time of his decease, resided on the land thus granted.

John Kidder, the husband of the demandant, was one of the children and heirs of Isaac Kidder, senior, and, on the first day of February, 1816, with his co-heirs, conveyed the estate of their late father to his brother Isaac Kidder. It is conceded that Isaac, senior, left seven children at his decease.

The testimony of Messrs. Heald and Allen is sufficient to establish, in the absence of conflicting testimony, the death of John Kidder, the former husband of the demandant.

Under the pleadings in this case, these facts entitle the demandant to judgment for her dower in one-seventh part of that portion of the Kidder farm of which John Kidder was not sole seized during her coverture.

In the first count in her writ, the demandant alleges that John Kidder was, during her coverture, sole seized of that portion of the Kidder farm which is particularly described therein, and being the same land covered by the mortgage from said John to John Ware, dated April 21, 1819, his title thereto having been derived by deed from Isaac Kidder, his brother, in the year 1817, or 1818, which deed, it is alleged, is lost.

To establish this proposition, the mortgage deed to John Ware is introduced by the demandant, with an assignment thereof to Isaac Kidder, from whom, through sundry mesne conveyances, title to the "Kidder farm" is traced to the tenant, and by which the demandant now claims that the tenant is estopped to deny the title of John Kidder.

Such cannot be its legal effect. There is no evidence in the case that Isaac Kidder ever claimed title under this mortgage, or, in fact, that he had any knowledge that it had ever been assigned to him. It was not recorded until March 10, 1858. From whence the demandant obtained this instrument does not appear, nor does it appear that the tenant had any knowledge of its existence before it was produced on trial. Under this state of facts, he is not affected thereby.

The demandant then attempted to establish the loss of the deed from Isaac to John Kidder, for the purpose of introducing parol testimony of its contents.

For this purpose, the affidavit of the demandant is introduced. Her deposition is also in the case. To the introduction of this deposition, the defendant objects, on the ground that the depositions of parties are not admissible in their own behalf. A majority of this Court are of the opinion that, under the law of 1856, c. 266, the depositions of parties may be taken and used in the same manner as the depositions of other witnesses, subject only to the limitations provided in

said chapter, and made applicable to parties when testifying as witnesses upon the stand.

In this deposition, she states: " the name of my late husband was John Kidder. I was married to him about forty years ago, at Anson, in the county of Somerset, by Bezer Bryant, justice of the peace. My said husband died in the State of Michigan, at a place called the Grand Rapids, nineteen years ago last August. I knew very well that my said husband held a deed of a part of the Kidder farm, so called, in Norridgewock. Said deed was from Isaac Kidder. My husband built a house on the land so deeded to him by Isaac Kidder, and got out a frame for a barn. I lived upon said land with my husband for a number of years. Said deed contained, according to the best of my recollection, about thirty-four or thirty-five acres. There was no administration upon the estate of my said husband. I saw said deed repeatedly before the death of my husband, but have not seen it since his death. I have hunted for it a great deal, but have not been able to find it. I am satisfied that it is not among any of my things and papers, and am satisfied it is lost." In her affidavit, she also states that she has carefully searched for said deed among the effects of her late husband, but has not been able to find it, and is satisfied that it is lost. The defendant objects that her statements, if admitted, do not sufficiently show the loss of the deed to authorize proof of its contents by other testimony.

Preliminary evidence of this character is addressed to the Court. There are but few general rules bearing upon the question of its admissibility. Much, ordinarily, depends upon the discretion of the presiding Judge. It is a general rule, however, that diligent search for the instrument, alleged to be lost or destroyed, must be made in those places, where, under the circumstances, it would probably be deposited; and, in the absence of proof, or circumstances strongly tending to show the contrary, the presumption is that those legally entitled to the custody of a deed, or other instrument in writing, actually have such custody.

In the case at bar, as we have already seen, there was no administration on the estate of John Kidder; he died in a distant State, far from his place of residence; there is no evidence that he left any children, and the inference is that he left little if any estate. From the facts in the case, it would seem that the mortgage to Ware was made to secure a sum nearly, if not quite, equal to the value of the estate covered thereby, and, therefore, that the deed from Isaac to John Kidder may have been deemed of little value. There is no cause shown to suspect that the deed has been fraudulently or intentionally concealed or destroyed. Under these circumstances, we are of the opinion that a careful search among his papers and effects, by his wife, would most probably be successful in discovering the deed if it were in existence, and that the evidence of its loss was sufficient to authorize the admission of secondary evidence of its contents.

That such a deed as is alleged from Isaac to John Kidder existed; that it was duly executed and delivered to John, and that he was in possession of the land described therein during the coverture of the demandant, fully appears, not only from her deposition, but also from the deposition of Isaac Kidder.

It is, however, objected that the depositions of Isaac Kidder and of Bezer Bryant, are inadmissible in consequence of defects in their captions. If this were so, it would not affect the result, as there is sufficient evidence to establish the material facts in this case without their production. But these captions are not substantially defective.

In the case of the deposition of Bryant, the objection is that it does not appear in what county or State the court to which it is returnable was to be holden. It appears by the caption that this deposition was taken in the county of Somerset and State of Maine, and was to be used in an action of dower, pending between these parties before the Supreme Judicial Court, and to be tried before said Court at Norridgewock, on the sixteenth day of March, inst., (1858.)

The Court will take judicial notice of the existence of the towns comprising the different counties in the State, and of

the times when, and places where its sessions appointed by law are to be held; and, when a deposition is taken in any county within the State, and by its caption is made returnable before the Supreme Judicial Court, at a time and place appointed by law, within such county, it will not presume that such deposition is, or may be returnable before any other Supreme Court, in any other county and State, but the contrary.

The objection to the deposition of Isaac Kidder, is that it does not appear that the adverse party was notified to attend. The language of the caption is, " the adverse party was duly notified to attend, and was not." It is contended that this language is repugnant, and self destructive, leaving the question in doubt whether the adverse party was in fact notified to attend; that is, that he was notified and was not notified. Manifestly, the word *present,* or some word of similar import, was omitted by the scrivener in writing the caption. As it stands, however, it cannot fail to be understood. We will not say that the objection is hypercritical, but there being no room for reasonable doubt as to the meaning of the language used, the objection cannot prevail.

The result is that the demandant is entitled to judgment under the first count in her writ, for her dower in the land therein described; and, under the second count, for her dower in one undivided seventh part of the residue of the Kidder farm, now in possession of the tenant. Damages for detention to be ascertained as agreed by the parties.

*Defendant defaulted.*

TENNEY, C. J., HATHAWAY, APPLETON, MAY, and DAVIS, J. J., concurred.