## YOUNG *v.* KENT CIRCUIT JUDGE.

1. DEPOSITIONS—STATUTES—STAYING SUIT.

    The court should not stay the further prosecution of a suit by a nonresident until he shall appear before a notary of the State of his residence, in pursuance of a notice to take his deposition, given under Act No. 180, Pub. Acts 1895, where he is in the State for the purpose of attending the trial, and offers to testify as a witness, and to produce all books and papers in his possession relating to the subject in litigation.

2. SAME—PREPARATION FOR TRIAL.

    Where the plaintiff in a civil action notifies defendant of his willingness to appear as a witness at the trial of the cause, and to produce all books and papers in his possession relating to the subject in litigation, he cannot be compelled to submit to the taking of his deposition under Act No. 180, Pub. Acts 1895, merely to enable the defendant to inquire into the truth of his testimony before the case is brought on for trial.

*Mandamus* by Owen Young to compel Allen C. Adsit, circuit judge of Kent county, to set aside an order staying the prosecution of a suit at law.   Submitted February 1, 1898.   Writ granted February 16, 1898.

*Taggart, Ganson & Taggart*, for relator.

*Crane, Norris & Stevens*, for respondent.

GRANT, C. J.   Relator resides in North Dakota, and is plaintiff in a suit pending in the circuit court for the county of Kent.   The suit is brought upon a promissory note, transferred to the relator by the payee before due.   The case was noticed for trial last December.   Plaintiff came from North Dakota to attend, and he, through his counsel, urged the case for trial.   The defendant's counsel objected, and the trial was postponed two weeks.   Again plaintiff insisted upon trial, and at the request of the defendant the trial was again postponed.   On December 9th plaintiff served a written notice upon the attorneys for the defendant, as follows:

"*Gentlemen*:   As you have expressed a desire to have me as one of your witnesses on the trial of the above claim, I hereby notify you that you can now subpœna me at 379 Fountain street, in the city of Grand Rapids, and I will obey the requirements of any subpœna legally issued and served.                          Yours, etc.,
                                        "OWEN YOUNG."

On January 10, 1898, the attorneys for plaintiff served upon the attorneys for defendant the following notice:

"The attorneys and counsel for plaintiff and appellant offer, as they have before offered, and as plaintiff has offered, to produce plaintiff as a witness at the trial of said cause, with whatever books, papers, or memorandum that he may have relating to or bearing upon the questions in issue, which defendant and appellee may give notice to have produced upon the trial of said cause."

Defendant's counsel had given notice to take plaintiff's deposition in North Dakota on December 9th.   Plaintiff

swears that he left North Dakota to come to Grand Rapids to attend the trial, being unaware of the steps taken to secure his deposition. A subpœna was duly served upon plaintiff, calling him to appear before the notary in North Dakota for examination on December 21st, and notice thereof served on his attorneys on December 15th. He declined to appear before said notary, or to produce the books and documents called for. Thereupon the circuit court, upon petition of the defendant, entered an order perpetually staying the further prosecution of the suit until plaintiff appeared before the notary in North Dakota, and gave his testimony.

The notice to take this deposition was given under Act No. 180, Pub. Acts 1895. This act authorizes the taking of depositions of witnesses generally. It includes the parties to the suit, and under it either is entitled in good faith to take the deposition of the party residing outside the State. *Kidder* v. *Blaisdell*, 45 Me. 461; *Hart* v. *Eastman*, 7 Minn. 74; *Abshire* v. *Mather*, 27 Ind. 381; *Ex parte Priest*, 76 Mo. 229. It is apparent from the affidavits made by the attorneys for the defendant that they are not aware what they can prove by the plaintiff. One of the affidavits expressly states that it is "important that plaintiff's testimony be taken before the trial of the said cause, in order that the truth of his testimony in respect to the facts and circumstances stated by him may be inquired into between the time of the giving of said testimony and the trial of said cause." We do not think the defendant made such a case as authorized the entry of the order staying the trial of the cause. 1 Thomp. Trials, § 753. Defendant's attorneys were proceeding in good faith to secure plaintiff's deposition; but when the plaintiff was present, ready and willing to be examined upon the trial, and tendered himself as a witness, we do not think they were entitled to his deposition. The order must be set aside. If plaintiff refuses hereafter to appear as a witness, the court may then make such order as may be necessary. We are not to be understood as holding that

the defendant may be deprived of the testimony of the plaintiff. We simply hold that he is not entitled to it when the party offers himself as a witness in court, and the purpose of taking his deposition is to discover whether there is any defense, and to prepare for trial. The defendant has taken the deposition of the payee. The writ will issue as prayed.

The other Justices concurred.