## Neubert *v.* Armstrong Water Company, Appellant.

*Corporation—Stockholders—Right to inspect books.*

The minority stockholders of a corporation have a right to an opportunity to examine the books and papers of the corporation for the purpose of ascertaining the value of their stock, where the majority holders have been seeking to purchase the stock at a price much below par, and the majority having control of the company have given the minority no information as to the financial condition of the company. This right, if denied, may be enforced by mandamus.

*Corporations—Stockholders—Inspection of books—Legal demand—Letter— Mailing letter—Presumption—Evidence.*

A legal demand for an opportunity to inspect the books of a corporation, if properly addressed, with prepaid postage, and deposited in the post office, will be presumed to have reached its destination, but such presumption may .be rebutted by evidence showing that it was not received. If such evidence is offered, the question becomes one of fact for the determination of the jury.

*Mandamus—Jurisdiction—Corporations—Acts of June* 8, 1893, *P. L.* 345, *and March* 19, 1903, *P. L.* 32—*Inspection of books and papers.*

The purpose of the Acts of June 8, 1893, P. L. 345, and March 19, 1903, P. L. 32, construed in pari materia, was to give the courts in the counties where the chief place of business of a corporation is located, or where the corporation transacts its business or has its property in whole or in part, the right to proceed by mandamus to compel the performance of any act, duty, matter or thing which should be performed within such county.

Where a corporation has its plant and transacts almost all of its business in one county, although its principal office is in another and distant county, the court of common pleas of the first county has jurisdiction in mandamus proceedings to compel the corporation to give a stockholder an opportunity to inspect its books and papers.

*Mandamus—Amendments—Corporation—Inspection of books and papers
—Value of stock.*

Where the several prayers of a petition for mandamus to enforce the right to inspect the books and papers of a corporation, show that the purpose of the proceeding was to ascertain the value of the shares of stock owned by the petitioner, although this purpose was not specifically stated in the prayers, the court may permit the petition to be amended so as to include a specific prayer for that purpose.

Argued Feb. 28, 1905. Appeal, No. 8, Oct. T., 1905, by defendants, from judgment of C. P. Armstrong Co., Sept. T., 1903, No. 33, on verdict for plaintiffs in case of Valentine Neubert et al., Executors of G. C. Orr, deceased, v. Armstrong Water Company et al. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and ELKIN, JJ. Affirmed.

Petition for mandamus. Before REED, P. J.

The facts are stated in the opinion of the Supreme Court.

The court charged in part as follows :

[Therefore, if you are convinced upon the whole evidence that the plaintiffs were approached by the defendants for the purpose of buying their stock, and the plaintiffs informed the defendants that they would not sell until they could examine into the financial condition of the company, for the purpose of determining the value of the same, and that they subsequently made a demand for the books upon the persons having their possession and control, at a proper time and place, stating their purpose to be the inspection and examination of the books to learn what their stock was worth, then they complied with the requirements of a proper and legal demand, and if you so find, your verdict should be for the plaintiffs, otherwise it should be for the defendants.] [3]

[Perhaps before concluding my instructions I should refer to one particular demand which the plaintiffs allege was made on William Walker, treasurer of the company, by letter. The plaintiffs offered evidence to show that a letter, a copy of which has been introduced in evidence bearing date February 12, 1903, and marked " exhibit No. 13," that this letter was prepared and signed by Mr. Orr Buffington ; that it was then put into an envelope and addressed to Mr. Walker, at his residence number, in the city of Philadelphia. That it was properly

stamped and deposited in the post office at Kittanning and sent to Mr. Walker by registered mail. These facts, standing alone, would raise a presumption that Mr. Walker received that letter. If there was nothing else in the case, you would be warranted in so finding. But the presumption is only one of fact, and may be overthrown by testimony that the letter was not received. Mr. Walker was called, and he testified positively that he never did receive it. If you credit his testimony and deem it sufficient to overthrow the presumption that he did receive the letter, arising from the fact that it was addressed and mailed to him as stated, then that letter, or copy of which has been offered in evidence, would drop out of the case and will not be considered by you at all in arriving at your verdict.] [5]

Defendant presented these points :

5. The plaintiffs having shown by their evidence that the only purpose of the inspection of respondent company's books and the papers, disclosed before the filing of the petition in this case, was the ascertaining the value of the plaintiff's stock, and the petition shows that the purpose thereof was entirely different, viz. : To file a bill for the correction of alleged mismanagement of the corporate affairs, on the part of the respondent company's officers ; such alleged demand is not a legal and proper one, and the verdict of the jury must be for the respondents. *Answer :* Refused. [8]

6. In order to sustain a verdict in behalf of the plaintiffs in this case it must appear of record that this court has jurisdiction, not only of the parties respondent but of the subject-matter of the complaint as well. *Answer :* Refused. [9]

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were (3, 5, 8, 9) above instructions, quoting them.

*M. F. Leason* and *William J. Christy,* of *McCain & Christy,* with them *Ross Reynolds,* for appellant.—The principles and restrictions which govern and control the granting of writs of mandamus are clearly stated in Com. ex rel. Snyder et al. v. Mitchell et al., 82 Pa. 343 ; Com. ex rel. v. Thomas, 163 Pa. 446 ; Com. v. City of Pittsburg, 209 Pa. 333.

The court should not have allowed the amendment: Com. ex rel. v. Phila., 180 Pa. 12.

*D. C. Corbett,* with him *O. W. Gilpin* and *Orr Buffington,* for appellee.

OPINION BY MR. JUSTICE ELKIN, April 24, 1905:

Three questions arise in the consideration of this appeal: First, did the appellees in good faith desire an inspection of the books of the defendant corporation for a definite and proper purpose pertaining to the corporate business and affecting their rights as stockholders; second, did they make a proper legal demand on the officers for an inspection of the books and papers before instituting the mandamus proceedings, and was the demand refused; third, did the court have jurisdiction to entertain the petition and issue the writ?

The petition averred, inter alia, that the business of the defendant corporation was under the control and management of Stocker, Welles and Walker, who had acquired a majority of the capital stock thereof; that they had failed to keep proper accounts and make annual statements of the financial condition of the corporation to the stockholders; that said parties had committed these and other illegal acts for their personal benefit and to prevent plaintiffs from knowing the value of their stock; and that plaintiffs had been denied all information about the business of said corporation and the value of its stock, although such information was necessary in order to enable them to file a bill in equity to restrain the officers from the further commission of the acts complained of, for an accounting of the moneys expended by the officers and for other purposes therein stated. The petition further averred that the defendants Stocker, Welles and Walker, being in control of the management of said corporation, had resorted to various devices to compel petitioners to sell to them their stock at a price below its actual value. The petition also contained many other allegations to support the writ prayed for, but these recitals are sufficient for the purpose of considering the questions before this court. All the material averments in the petition were denied by the defendants in the answer filed. The plaintiffs traversed and joined issue on the facts and the case

proceeded to a final hearing. By agreement of the parties the single question of fact left to the jury was whether proper legal demand had been made by the appellees on the appellants for an inspection of the books and papers of the corporation prior to the filing of the petition for a mandamus. All other questions of law and fact by agreement and consent of the parties were left to the court. In the opinion of the learned court below refusing a new trial, it is stated : " The testimony on the trial shows, inter alia, that James D. Stocker, Charles H. Welles and William Walker in June, 1902, bought about six-sevenths of the stock of the Armstrong Water Company, and that the remaining one-seventh of said stock was held and owned by the plaintiffs; that Stocker, Welles and Walker were endeavoring to purchase the plaintiffs' stock and had made them an offer of $70.00 per share for the same; that the plaintiffs declined to sell until they were afforded an opportunity to examine the books and papers of the company for the purpose of ascertaining and determining the value of their stock ; that there had been no statements issued by the defendant company regarding its financial condition or other information furnished the plaintiffs whereby they could determine the value of their stock ; and that an inspection of the books and papers of the company was necessary for this purpose." Certainly under these facts, which we must accept as established, the plaintiffs have shown a definite and proper purpose which justified a demand for an inspection of the books and papers of the corporation, which when refused can be compelled by mandamus : Commonwealth v. Phœnix Iron Company, 105 Pa. 111; Phœnix Iron Company v. Commonwealth, 113 Pa. 563.

The question as to a proper legal demand having been made upon the appellants for leave to inspect and examine the books and papers of the corporation was by agreement of the parties submitted as a question of fact to be determined by the jury, which after hearing the testimony returned the following verdict : " We the jurors impaneled in the above entitled case find for the plaintiffs that they made a proper and legal demand on the defendants for leave to inspect and examine the books and papers of the Armstrong Water Company, which was refused by the defendants." The verdict of the jury is con-

clusive unless there was error in the admission of testimony.

The appellants have specified several assignments of error raising questions relating to the admission of testimony. The only assignment that need be considered in this respect is that which raises the question of admission in evidence a copy of a letter dated February 12, 1903, addressed to William Walker, and marked exhibit No. 13. This letter was signed by one of the plaintiffs who was the executor of G. C. Orr, deceased, a shareholder in said corporation. It demanded the right to examine the books of the company, and asked the party addressed, who was the treasurer of said corporation, to state when, where and under what circumstances such an examination could be made. The original letter was prepared and properly signed by Orr Buffington, executor as aforesaid. It was properly addressed to William Walker at his residence in the city of Philadelphia, was deposited in the post office at Kittanning as a registered package, a receipt having been taken from the proper postal officials for the package so registered. Before the trial a subpœna duces tecum was served upon William Walker to produce at the trial the original letter. He failed to do so, stating when called as a witness by the plaintiff for the purpose of making inquiry about the production of the original letter, that it had never been received by him. Said letter not having been produced, the plaintiffs offered in evidence exhibit No. 13, being a copy thereof. The appellants contend that it was error to admit a copy of the letter for the reason that William Walker, to whom it was addressed, when called as a witness by appellees, testified that he had not received the same, and that his answer was conclusive upon them. It has been frequently held by this court that the depositing in the post office a properly addressed letter with prepaid postage, raises a natural presumption, founded in common experience, that it reached its destination by due course of mail. It is prima facie evidence that it was received by the person to whom it was addressed, but the prima facie proof may be rebutted by evidence showing that it was not received. The question is one of fact for the determination of the jury under all the evidence: Susquehanna Mutual Fire Insurance Company v. Tunkhannock Toy Company, 97 Pa. 424; Folsom

v. Cook, 115 Pa. 539; Whitmore v. Insurance Company, 148 Pa. 405; Jensen v. McCorkell, 154 Pa. 323. In the latter case the defendant denied that he had received the notice which had been forwarded him by mail, just as the witness in the present case denied that he received the letter in question, but notwithstanding the denial by the person to whom the letter was addressed, this court said in that case: " The question is one of fact solely for the determination of the jury under all the evidence."

In the case at bar the trial judge gave the jury careful instructions in reference to this feature of the case, stating that the depositing of the letter in the post office properly addressed raised the presumption that the party to whom it was addressed had received the same, but that this presumption could be overcome by positive testimony that it had not been received, and that if they believed the testimony of Walker that he had not received the letter, then they should entirely disregard it in their determination of the question submitted to them. It is true that this witness was called by the plaintiffs, but the primary purpose of his examination as a witness was to lay the ground for the introduction of secondary evidence, and all of his testimony must be considered as relating to this matter. Under these circumstances we think the testimony of Walker was not conclusive against the appellees, but raised a question of fact about the receipt of the letter which was properly submitted to the jury. It is clear, however, that entirely independent of the demand made by the letter, there was sufficient evidence to justify the jury in finding as a fact that a demand had been made for the inspection of the books and papers of the corporation.

The only remaining question to be considered is whether the court had jurisdiction to entertain the petition and issue the writ of mandamus. The Act of March 19, 1903, P. L. 32, provides that the several courts of common pleas, within their respective counties, shall have power to issue writs of mandamus " to all corporations being or having their chief place of business within such county, and to any corporation doing business or having its property in whole or in part within the county: Provided, the relief, act, duty, matter or thing, the performance of which is sought, should be given or performed within

such county. " This act amended the Act of June 8, 1893, P. L. 345, which was construed in Loraine v. Railroad Co., 205 Pa. 132, wherein it was held that where a railroad company had its principal office in Philadelphia, but has constructed and operates its railroad wholly within Clearfield county, where its operating officers dwell, mandamus proceedings may be instituted against the company in Philadelphia or in Clearfield county. In the present case the majority stockholders at a meeting held prior to the institution of these proceedings changed the principal office of the corporation from Kittanning to Scranton, both in Pennsylvania. For this reason, and because it is alleged that sufficient jurisdictional averments are not contained in the petition, the appellants contend that the court below did not have jurisdiction. We cannot accept this view of the law. It was not the intention of the act of 1903 to confine within narrower limits the right to proceed by mandamus against corporations. In the construction of the act of 1893, in Loraine v. Railroad Co., supra., this court distinguished the earlier cases and laid down the rule that the later acts should be given a construction in reference to the conditions existing at the time they were passed. The right to proceed against corporations by mandamus under the later acts is more liberally construed than under the earlier statutes. This is not only sound law but good sense as well. The evident purpose of the acts of 1893 and 1903, construed in pari materia, was to give the courts in the counties where the chief place of business is located, or where the corporation transacts its business, or has its property in whole or in part, the right to proceed by mandamus to compel the performance of any act, duty, matter or thing which should be performed within such county. In this case the defendant corporation has its plant and transacts almost all of its business in Armstrong county. Why then should these shareholders be required to go into Lackawanna county, situated in another part of the state, several hundred miles distant from the place where the real business of the corporation is transacted, in order to determine the questions in dispute in this controversy ? The act of 1903 was intended to cover just such a case as is here presented, and under the express provisions of the statute the court of common pleas of Armstrong county had jurisdiction of the parties and the subject-matter.

The original petition and the amendments made thereto contain ample averments to support the proceedings in the court below. It is complained, however, that the amendments were not properly permitted or directed to be made by the learned court, and that without these amendments there were no sufficient jurisdictional averments. The prayer of the petitioners did not specifically ask for an inspection of the books and papers for the purpose of ascertaining the value of the shares of stock, and it is argued by the appellants that the act or duty to be performed is the inspection of the books and papers for this purpose, and therefore the averments conferring jurisdiction were not properly set out. In this connection, however, it will be observed that each of the seven prayers was intended to ascertain facts, all of which either showed or tended to show the value of the stock, and this was the manifest purpose of the petitioners, known to and conceded by the appellants throughout the trial. The learned trial judge was so impressed with this view of the case that he directed the petition to be amended so as to include a prayer for this purpose. The trial before the jury by consent and agreement of counsel for both parties proceeded entirely upon this theory and it would be sticking in the bark to hold that the irregularity complained of, if such it be, could now be seized upon to defeat the plain purpose of the whole proceeding. Courts will not be astute to sustain technical objections to the course of procedure in the trial of causes where they have been disposed of on their merits and no substantial injury has been done the complaining party. The act or duty the performance of which is sought to be compelled by mandamus is to be performed in the county of Armstrong, and there can be no question that the court exercised proper jurisdiction.

Assignments of error overruled and judgment and decree affirmed.