ELDRED *v.* ELLIOTT.

1. CORPORATIONS — STOCK AND STOCKHOLDERS — INSPECTION OF BOOKS.

A stockholder is entitled under the common law to inspect the books of a corporation of which he is a member.[1]

2. SAME—MANDAMUS—DEMAND.

The writ of mandamus will issue to require the secretary of a corporation to produce its books for the inspection of a stockholder, who, having learned that the company had made some kind of a transfer of its assets to another corporation and had ceased to transact business, demanded an opportunity to inspect them of the secretary and was passed along from person to person able to have afforded him information, and who made his request at the place where the president of the company advised him the books were stored, away from the principal place of business of the company.

Certiorari to Kalamazoo; Knappen, J. Submitted January 11, 1910. (Calendar No. 23,635.) Decided May 7, 1910.

Mandamus by Willard H. Eldred, trustee, to compel James R. Elliott, secretary of the Michigan Traction Company, to produce certain books and records for an examination. An order granting the writ is reviewed by respondent on writ of certiorari. Affirmed.

The Michigan United Railways Company obtained possession of the property of the Michigan Traction Company in the city of Kalamazoo, Michigan, under a conveyance in which a consideration of one dollar was named, and proceeded to operate and control the lines of electric railway previously held and controlled by the Michigan Traction Company, of which the relator was a

[1] As to right of stockholder to inspect books of corporation, see notes to *Kuhback* v. *Irving Cut Glass Co.* (Pa.), 20 L. R. A. (N. S.) 185, and *Weihenmayer* v. *Bitner* (Md.), 45 L. R. A. 446.

stockholder. The president of the company stated in a letter written after the transfer that the books of the company were at Jackson, Michigan, in the vault of the Michigan United Railways Company. In a later conversation between the secretary of the company and relator's attorney, at Jackson, the secretary refused to permit an examination of the books, for the purpose stated by the attorney, of ascertaining the value of the stock and whether a sale, lease or other arrangement had been made between the two companies, referring the attorney to a third person as acting secretary, who denied holding the office and refused to assume any responsibility but advised relator's agent that the books were in the hands of the attorney of the Michigan United Railways Company.

In a subsequent interview the attorney refused to permit an examination of any of the books but offered to purchase the stock on behalf of certain of his clients. An offer was made and accepted but the sale was never executed; and the attorney of the railway company again refused the demand of relator to examine the books of the corporation. The Michigan Traction Company had ceased to transact business.

*George W. Mechem* and *Bernard J. Onen,* for relator.

*Sanford W. Ladd* (*Merriam, Yerkes, Simon & Ladd,* of counsel), for respondent.

OSTRANDER, J. Relator, as trustee for the City Bank of Battle Creek, owns 166 shares of the capital stock of the Michigan Traction Company, of the par value of $16,600. Respondent is secretary of the company. Relator, in June, 1909, filed his petition in the circuit court for the county of Kalamazoo for a writ of mandamus commanding the respondent to produce, at the principal office of the said company at Kalamazoo, or at some other place, all of the books and records of said company at a time to be fixed by the court, and to permit relator to have access

to and to inspect such books and records. An order to show cause was issued, which respondent moved to dismiss. The motion was denied, and the respondent answered. Certain issues were framed under the direction of the court, and as to them respondent demanded a trial by jury. The demand was refused. Thereafter said demand was, on July 13, 1909, allowed, and trial set for September 7, 1909, on which day respondent waived a jury. The court heard proofs and arguments, and by its order, in which it is recited that respondent waived findings of fact, determined:

"That relator has a substantial interest and reasonable ground for desiring to inspect the books and records of the Michigan Traction Company, and that proper demand has been made therefor at reasonable time and place, and has been refused, and that said Michigan Traction Company is not carrying on any active business, nor maintaining any public or known office in the city or county of Kalamazoo.

"It is therefore ordered, adjudged, and decreed that respondent, as secretary of Michigan Traction Company, his successor or successors in such office, if any, and his or their employés, officers, and agents and attorneys, shall on September 17, 1909, between the hours of 10 o'clock in the forenoon and 2 o'clock in the afternoon of that day, bring into the office and deposit with the clerk of this court the following books and records of said Michigan Traction Company, to wit: The minute record book or books, showing the record of the meetings of the stockholders and directors, the stock transfer book, or other books showing the record of stock holdings, and any other book or books which contain any record of the transfer of the property of Michigan Traction Company to Michigan United Railways Company, or the consideration received therefor, or the disposition of whatever, if anything, was received therefor. Such books to remain and continue in the custody of the clerk of this court until the further order of the court; and relator, his counsel, and agents, to be permitted an inspection of said books and records, and said relator, his counsel and agents, may be permitted to inspect such other books and records of said Michigan Traction Company upon making a further application to the

court in this proceeding "—and issued its writ of mandamus accordingly.

This court, upon application of respondent, allowed the writ of certiorari to review the said proceedings. We have examined the record, which contains the testimony produced at the hearing. It is urged by respondent that no proper demand was made; that respondent was not advised of the purpose for which the inspection was sought; that it was not made at the proper time and place.

The conclusion of fact, stated in the order of the circuit court, is abundantly supported by the testimony. There might well have been added to the finding the conclusion that it was not proposed by those having custody of the records to permit relator to examine any of them. His common-law right to an inspection of the books is undoubted. Questions of some nicety have sometimes arisen respecting the conditions to be respected by a stockholder seeking to exercise his right. The courts have aimed, not at a denial of the right, but at exercise of the right under reasonable conditions. A demand by a stockholder for the inspection of all the books, records, and papers of a company which has apparently ceased to actively do business without closing up its affairs, may or may not be too broad, depending upon circumstances. The proper time and place for such a demand would not necessarily be controlled by considerations affecting the inspection of the records of an active concern in daily use. There is no question but that relator's demand reached the proper persons, and that the reason for desiring inspection of the books and records was made apparent. He could not know in what book or books, record or records, the facts desired to be learned could be found. He learned that the Michigan United Railways Company was in control of and in possession of the property of the corporation, the stock of which he owned, whether by sale, lease, or other arrangement he did not know. He sought the facts for the purpose of ascertaining the value of the stock and the condition of the corporation. He seems to have been

passed along, with his demand, from person to person, who apparently might, if they would, have afforded him information. He finally received an offer of one-half par for his stock. Later, in behalf of an officer of the company and an officer of the Michigan United Railways Company, he received a written offer of three-fourths par for the stock. He was unable to learn definitely who had the custody of the books and records, and in what place or places they were stored or kept. The objections to his demand are, under the circumstances, technical and without merit.

The order of the court below is affirmed, with costs.

HOOKER, MOORE, MCALVAY, and BROOKE, JJ., concurred.