WANNER *v.* WAYNE CIRCUIT JUDGE.

1. DEPOSITIONS—AFFIDAVITS—WITNESSES—DE BENE ESSE TESTIMONY—JURISDICTION TO ENFORCE—CONTEMPTS—CIRCUIT COURT COMMISSIONER.

No affidavit of the facts rendering it necessary to take the testimony of a witness *de bene esse* is required in proceedings under 3 Comp. Laws, §§ 10136, 10142, but it is sufficient if the notice to opposing counsel states the reasons.

2. SAME—TRIAL—EVIDENCE.

Before any depositions so taken can be read in evidence at the trial of the cause, it must be made to appear satisfactorily to the judge that the reasons stated in the notice for taking the testimony existed at the time it was taken.

3. SAME.

When a witness who has been served with a subpœna for that purpose appears at the time and place specified before the commissioner named to take the testimony, and makes denial

of those facts under oath, and refuses for that reason to take the stand and testify, it manifestly becomes the duty of the commissioner to return the proceedings to the court to take such steps as justice may require.

4. SAME—WITNESSES.

In reaching a conclusion, the trial court is entitled to consider the surrounding circumstances, the good faith of the parties, and the character of the interrogatories.

5. SAME.

Under contradictory affidavits, on a petition for an order to show cause why the witness should not be punished for contempt of court, the finding of the trial judge that reasons alleged for taking testimony of a witness were not satisfactorily made to appear was not an abuse of discretion, where the court found, upon evidence contained in affidavits, that the witness was not about to leave the State as alleged and that he resided in Michigan.

Mandamus by Blanche Peck Wanner against Henry A. Mandell, one of the circuit judges for the county of Wayne, to compel respondent to issue an order to show cause why one Lester J. Stevenson should not be punished for contempt of court. Submitted February 29, 1912. (Calendar No. 24,802.)   Writ denied March 12, 1912.

*McHugh, Gallagher & McGann,* for relator.

*Thomas A. E. Weadock,* for respondent.

STEERE, J.   In this proceeding relator seeks a writ of mandamus to compel the respondent, a judge of the Wayne circuit court, to grant a petition, heretofore presented to and denied by him, for an order directed to one Lester J. Stevenson to show cause why he should not be punished for contempt in declining to be sworn and testify, pursuant to a subpœna issued by a circuit court commissioner of Wayne county and duly served on him, in a certain cause then pending between relator, as plaintiff, and one Madeline Clements, defendant.   Said cause, in which it was sought to take the testimony of said Stevenson, *de bene esse,* was commenced by summons on June 21, 1911,

in an action of trespass on the case to recover damages from defendant for alienation of the affections of Charles Wanner, former husband of relator. Said Stevenson, who was not a resident of Wayne county, being deemed a material witness for plaintiff, was interviewed in the Tuller Hotel, Detroit, where he was temporarily stopping, on June 26, 1911, by the attorneys for plaintiff, who make affidavit that he stated to them he did not wish to get mixed up in the case and was about to leave the State, not intending to return until the case was disposed of, whereupon steps were taken to secure his testimony, *de bene esse*, under section 10136, 3 Comp. Laws, and a subpœna was forthwith served on him to appear the next day, on June 27, 1911, at 12:15 p. m., before a circuit court commissioner of Wayne county, and give testimony in said suit. On June 27, 1911, notice of the taking of such testimony was served upon defendant's attorney, "for the reason that said Lester J. Stevenson is about to go beyond the jurisdiction of this court and is a necessary and material witness for said plaintiff." At the time named in the subpœna Stevenson appeared with defendant's attorney before said commissioner and filed the affidavit of said Stevenson, stating that he was then, and had been for 25 years last past, a resident of Flint, Mich.; that he was in Detroit on business and was about to return to his home on that day and had no intention of removing from his home in Flint. Said attorney for defendant in that connection stated:

"Witness declines to be sworn for the reason, and the only reason, that the commissioner has no jurisdiction to take his testimony."

Counter affidavits were filed by the attorneys of relator, telling of their interview with Stevenson the day before, in which he had declared his intention to leave the State so as not to be mixed up in the case, and stating on information and belief that the residence of said Stevenson is in Providence, R. I. To properly lay a foundation for

any steps counsel might desire to take, the commissioner made a formal order for said witness to take the stand, which was respectfully declined under instruction of defendant's counsel, for the reason that the commissioner had no jurisdiction, and it was desired to test the matter. Thereafter said commissioner certified the proceedings to the circuit court for Wayne county. A petition based on said proceedings was presented to the respondent herein, Hon. Henry A. Mandell, circuit judge, asking for an order against said Stevenson to show cause why he should not be punished for contempt in so refusing to be sworn and testify before such commissioner, which petition, after a hearing thereon, was denied, following which an application was made to this court for a writ of mandamus as stated.

No question is raised as to the regularity of the proceedings taken to bring the witness before the commissioner to testify. He appeared before the commissioner at the time and place for which he was subpœnaed, but declined to take the witness stand, and filed affidavit denying and putting in issue the facts upon which the right to take his testimony in that manner was based. The proceedings were properly certified by the commissioner to the court where the cause was pending in which the proposed testimony was to be taken and used. This court is asked to compel that court to take steps looking to punishment of the witness for contempt in refusing to take the stand and testify before the commissioner in a preliminary proceeding to secure testimony for use in a case in that court. In his answer to the order to show cause respondent says, in part:

"He has no knowledge and no showing was at any time made before him that Lester J. Stevenson was a necessary and material witness for and in behalf of said plaintiff, any further than the same appears in the statement contained in the papers."

The only statement contained in the papers returned by the commissioner is found in the notice given to defend-

ant's attorney of taking the testimony, which states that said Stevenson "is a necessary and material witness for plaintiff." Respondent further answers that he—

"Has no knowledge of the matters set forth in the fourth paragraph of relator's petition, except from the papers presented to him, from which it appeared to him that Lester J. Stevenson, the person named therein, was a resident of Flint, Mich., and it did not appear that he was about to leave the State, and not return in time for the trial of said cause, which had been commenced only five days before said subpœna was issued; * * * that no order was asked requiring said witness to attend and testify before said commissioner at any future time, and he did not believe it was necessary to take the deposition of said Stevenson as proposed. * * * And he denied said order to show cause for the reason that in his opinion the statute providing for the taking of testimony of witnesses by deposition is one which must be strictly complied with, and that petitioner had not shown respondent any statutory reason for taking the deposition of said Lester J. Stevenson on the 27th of June, 1911, and, on the contrary, said Lester J. Stevenson had shown by his own affidavit that he was not about to leave the State of Michigan and that he resided therein at Flint aforesaid. * * * It further appeared to him that there was no competent showing that the residence of said Lester J. Stevenson was not in said State, nor that he could not be subpœnaed as a witness in the regular way when said trial was reached in due course, * * * and this respondent believed that said Lester J. Stevenson had not been guilty of any contempt, and that the showing made for the order to show cause was not sufficient; no showing having been made before this respondent that the testimony of Lester J. Stevenson was material."

Section 10142, 3 Comp. Laws, provides, relative to taking testimony *de bene esse:*

"The court shall have power to regulate the use, to prevent abuses thereof, and may order the retaking of testimony, or the production of the witness, if within the jurisdiction, notwithstanding that his deposition has been taken."

In a proceeding to take testimony under said section

10136, no affidavit of the facts essential to give jurisdiction is required.   It is sufficient if they are set out in the notice.   *Patterson* v. *Railway Co.*, 54 Mich. 91 (19 N. W. 761); *Colton* v. *Rupert,* 60 Mich. 318 (27 N. W. 520).

Before any depositions so taken can be read in evidence at the trial of the cause, it must be made to appear satisfactorily to the judge that the reason stated in the notice for taking the testimony existed at the time it was taken. An undisputed affidavit to that effect would establish it *prima facie;* but, where contradicted under oath, the court must pass upon the issue, and the reasons for taking the depositions must be shown as a matter of fact to have existed at the time, before they can be used at the trial. *Patterson* v. *Railway Co., supra.*

When a witness, who has been served with subpœna for that purpose, appears at the time and place specified before the commissioner named to take the testimony and makes denial of those facts under oath, and refuses, for that reason, to take the stand and testify, it manifestly becomes the duty of the commissioner to return the proceedings, as was done in this case, to the court under which and for which it was proposed to take the depositions, to the end that whatever steps justice requires may be taken by the trial court.   The act itself imposes on the trial court the duty of regulating its use and preventing abuses.   This court has, accordingly, recognized that these matters are to be committed, to a large extent, to the good judgment and sound discretion of the trial judge, with his larger opportunities, from closer contact, to see and know conditions as they develop in the progress of a case through his court.   In *Drosdowski* v. *Order of Chosen Friends,* 114 Mich. 178 (72 N. W. 169), in ruling that it was discretionary with the trial court to determine what was a reasonable notice under the statute, the court said that:

"The trial court in coming to a conclusion must be governed somewhat by the circumstances surrounding the

case. The circuit judge knew better about the surroundings of this case than we do.

In *Young* v. *Kent Circuit Judge*, 116 Mich. 10 (74 N. W. 206), it was said that the question of good faith is involved in proceedings under this act, and to be considered by the court in passing upon the rights of a party to take depositions. In *St. John* v. *Wayne Circuit Judge*, 161 Mich. 302 (126 N. W. 219); wherein the discretionary act of the trial judge was sustained, it was said:

"We do not feel called upon to determine whether, if the witness had refused to attend, the court in compelling attendance might have acted upon the showing which was made, or whether it would have been improper to require a further showing.

"When a court is asked to bring before it, by its process, a witness who has refused in another place to answer questions, for the purpose of meeting charges of misconduct and contempt in so refusing, the court may consider the character of the interrogatories to which answers were refused."

We think the court, under such circumstances, may also consider whether the facts necessary to give jurisdiction for taking testimony *de bene esse* are established, and in his discretion determine, from the showing made, if the interests of justice demand punitory proceedings. With the parties before him, the court decided and returned that petitioner did not show any statutory reason for taking the deposition of Stevenson. On the contrary, the court found and held that he was a resident of the State; that it was not made to appear his testimony was material, or that he was about to leave the State; that there was no competent showing that he could not be subpoenaed as a witnesss in the regular way when the trial of the cause was reached in due course; and that, in the judgment of the court, it was not necessary to take the depositions of said Stevenson as proposed. In so finding, the court necessarily passed upon the facts put in issue by the conflicting affidavits of the parties, and, apparently, came to his conclusions "governed somewhat

by the circumstances surrounding the case." The respondent makes official return that it was not made to appear satisfactorily to the court that the cause stated in the notice, for taking the depositions of the witness, existed.

We are not prepared to hold that he abused his discretion in refusing the order.

The writ of mandamus is denied.

MOORE, C. J., and McALVAY, BROOKE, BLAIR, STONE, and OSTRANDER, JJ., concurred. BIRD, J., did not sit.