THE STATE OF DELAWARE, upon the relation of Arnold
Bloch, *v.* SENTRY SAFETY CONTROL CORPORATION.

(*February* 12, 1942.)

LAYTON, C. J., RICHARDS and TERRY, J. J., sitting.

*Joseph A. L. Errigo* for petitioner.

*Stewart Lynch* for respondent.

Superior Court for New Castle County, January Term, 1942.

LAYTON, Chief Justice:

The petition of the relator was filed at the May Term, 1941, of this Court. On June 13, 1941, an order was entered directing the issue of a summons requiring the defendant to appear and file an answer on June 24, 1941. The respondent filed no answer. On the contrary, it moved to strike from the petition certain allegations; and to dismiss the petition.

For the purpose of identification, the numbering of the paragraphs of the petition will be maintained. The material allegations are these:

(2) That the defendant is a corporation of the State of Delaware, having its principal office in this State, and its business office at 919 West Oxford Street, Philadelphia, Pa.;

(3) That the relator is a stockholder of the respondent corporation, owning 400 of its common shares;

(4) That the relator, on or about May 24, 1941, appointed in writing one Henry Nicholson as his agent to inspect the respondent's stock ledger for the purpose of making extracts therefrom, (annexed to the petition and marked Exhibit A is a copy of the appointment).

(5) That as appears from the affidavit of the agent, annexed to the petition, and marked Exhibit B, the relator was denied his statutory right to inspect the stock ledger and to make extracts therefrom, the affiant averring, as follows: that on May 27, 1941, he visited the Philadelphia

office of the respondent and there presented to its Vice-President his written authority from the relator and requested to see the stock ledger for the purpose of making a copy of the names, addresses and holdings of stock of each stockholder; that the affiant was told by the Vice-President that he could not see the list unless the Securities and Exchange Commission gave permission; that the Vice-President then, by telephone, conferred with the respondent's counsel, and the affiant again was told by the Vice-President that he could not look at the stock ledger or make extracts therefrom; that upon inquiry being made, the affiant told the Vice-President that the relator desired to communicate with the stcokholders before the annual meeting of stockholders, and if necessary to solicit proxies to be voted thereat; that the affiant then visited the office of the respondent's counsel, and after relating the substance of his conference with the Vice-President, was told by counsel that it would be necessary to obtain the permission of the Securities and Exchange Commission before the affiant could look at the stock ledger and make extracts therefrom;

That the conduct of the officers and agents of the respondent corporation was calculated to impede the relator in the pursuit of his right of inspection, and indicated an intention to delay and obstruct the relator in his right by referring the relator to the Securities and Exchange Commission for permission, when in truth and in fact, such permission was unnecessary; that prior to the request for the permission to examine the stock ledger, Alfred Lang and others, stockholders of the respondent corporation, had brought an action in the United States District Court for the Eastern District of Pennsylvania, against the respondent corporation and certain of its officers and directors, in which a receivership was sought on the ground of their misconduct, and praying for an accounting. (Setting out

verbatim certain allegations contained in the bill of complaint) ;

(6) That the relator had filed in the Court of Chancery for New Castle County, a bill of complaint praying for an injunction restraining the defendant and its officers and agents from conducting the annual meeting of stockholders scheduled to be held on June 16, 1941, until after the right of inspection of the stock ledger had geen granted and an opportunity afforded the relator to communicate with other stockholders of the respondent, and that an injunction pendente lite be issued so that the mandamus action currently instituted could be commenced and the relator's right to relief be determined;

(7) That the defendant and its officers and agents failed to perform the duties imposed on them by law in respect of the relator's right of inspection;

(8) That the relator desired to inspect the stock ledger and make a copy of the list of stockholders for the purpose of informing his fellow stockholders concerning the derivative suit in the Pennsylvania Federal Court, to ascertain whether any of them desired to join in such action, to determine whether the stockholders desired to effect a change in the personnel of the Board of Directors at the next annual meeting of the stockholders, and to solicit proxies for that purpose.

The respondent has moved to strike from the petition, as being immaterial, superfluous and extraneous to the real issue, the following allegations:

What it terms argumentative deductions drawn by the relator from the alleged conduct of the respondent's agents, and the recitals referring to an action pending in the Federal Court in Pennsylvania, as set out in the fifth paragraph;

the averments relating to an action pending in the Court of Chancery in this State, as related in the sixth paragraph;

and the allegations with respect to the petitioner's purpose and motive in pursuing his statutory right of examination, as averred in the eighth paragraph.

The argument in support of the motion to strike seems to be, that as it has been held in this State that a petitioner in such proceeding as this need allege certain essential facts only, namely, ownership of stock in the corporation, a proper demand upon the corporation to examine the stock ledger, and a refusal by the corporation, all other allegations are immaterial and extraneous and must necessarily be stricken from the petition.

The action of mandamus to enforce the statutory right of inspection proceeds by way of petition and answer. 4282, Rev. Code, 1935. Very clearly, the petitioner has alleged far more than was necessary. He was not obliged to allege the purpose for which he desired an examination of the record, nor to make any averment of good faith or any other averment tending to show the necessity for or propriety of the examination. It is for the respondent to show that the examination was improperly sought. *Insuranshares Corporation v. Kirchner*, 1 *Terry* (40 *Del.*) 105, 5 *A. 2d* 519. But it is not at all uncommon for the petitioner to allege facts showing the occasion for and the purpose of the desired examination, and his good faith in making the demand. The above cited case and *State v. Standard Oil Co. of Kansas*, 2 *Terry* (41 *Del.*) 172, 18 *A. 2d* 235, are examples. It has never been held in this State that a petitioner, at the risk of having his petition declared to be faulty, must confine himself to the bare essentials. Motions to strike allegations contained in pleadings are not to be

encouraged, and will be granted only in a clear case, and where the moving party will be aggrieved by a denial of the motion. 49 C. J. 685. *MacDonough v. A. S. Beck Shoe Corporation,* 2 *Terry* (41 *Del.*) 59, 15 A. 2d 436, is an illustration. In that case an allegation was stricken from a declaration in an action for defamation for the reason that it was thought, perhaps mistakenly, that allowing it to remain might prejudice the defendant by creating a confusion of issues at the trial; although it was pointed out that the defendant had an appropriate remedy by objecting to testimony offered in support of the allegation, or by requesting an instruction to the jury. Here, it is impossible to forecast harm to the respondent.

 It is, also, contended that the exhibits attached to the petition are impertinent and extraneous. The stockholder's right to examine corporate records is a personal one in the sense that it is not transferable for the benefit of a stranger. But a stockholder may, of course, exercise his right through a duly constituted agent. 5 *Fletcher, Cyc. Corp.,* § 2230; 18 *C. J. S.* 5 *Corporations,* § 508, *p.* 1185. A copy of the authority given to the agent by the petitioner and the agent's affidavit of what he did in pursuance of the authority were annexed to the petition as exhibits. No question of identity or authenticity is raised. Apart from sheer technicality, which has small place in a proceeding of this kind, the agent's authority and affidavit became a constituent part of the petition. The motion to strike is denied.

 Section 29 of the General Corporation Law, 2061, Rev. Code 1935, provides that the original or duplicate stock ledger of a corporation, containing the names and addresses of the stockholders and the number of shares held by them shall, at all times during the usual hours of business, be open to the examination of every stockholder at its principal office or place of business in this State.

Companies incorporated in this State but doing business elsewhere very generally maintain their statutory offices in this State at the office of some charter company, which acts as resident agent, displays the corporate name, and keeps in possession the original or duplicate stock ledger. The respondent's business offices were in the City of Philadelphia, and it appears that its principal office in this State was with a charter company in Dover. The respondent says the real issue is whether the original or duplicate stock ledger was kept open to the examination of its stockholders at its statutory office; and its argument is that under Section 29 a petitioning stockholder must allege that he made demand for examination of the record upon the corporation at its statutory office in this State and that his demand was refused by the corporation at that place. The issue as stated is, patently, a false issue; and the speciousness of the argument is apparent. The statute does no more than prescribe a place in this State where, in any event, an inspection of the stock ledger may be had, and to declare the right. It does not speak of the means or manner of enforcement of the right. That is left to the remedial law which, very properly, requires the stockholder to allege and prove that he made demand upon the corporation to be allowed to examine the stock ledger, and that his demand was wrongfully refused. The statute does not purport to say that a stockholder in pursuing his right must make his demand at the principal office of the corporation in this State and nowhere else, and there meet a refusal. The Legislature has not so declared; and the Court will not, of course, give such an unreasonable and illiberal construction to a statute enacted for the benefit of stockholders. It is difficult to see why the place of demand should have a controlling materiality. 5 *Fletcher, supra,* § 2246; *Humphrey v. Monida, etc., Stage Co.,* 110 *Minn.* 193, 124 *N. W.* 971, 125 *N. W.* 676. Undoubtedly a corporation may be approached, and may

answer, at the place where it conducts its business. A request for an opportunity to examine corporate records may be made in writing addressed to the corporation, or to its proper officer. 5 *Fletcher, supra*, § 2246; *Neubert v. Armstrong Water Co.*, 211 *Pa.* 582, 61 *A.* 123. Had the petitioner made his request by letter addressed to the corporation at its Philadelphia office, and had the corporation by letter wrongfully denied the request, a sufficient demand and refusal would appear. It is not suggested that the respondent's Vice-President was not a proper officer to whom such request might be made, nor that he was without authority to speak for the corporation, nor that the request was refused for the reason that it was not made at the proper place. On the contrary, it is expressly averred that the corporate officer, at first on his own authority, and again after consultation with the corporation's counsel, flatly refused to permit an examination of the record except with the consent of a Federal Agency; and it is alleged as a fact, and the motion to dismiss admits, that it was not necessary to obtain such consent. *Bay State Gas Co. v. State*, 4 *Penn.* 238, 56 *A.* 1114, does not purport to lay down the rule that a request by a stockholder to inspect corporate records must be made only at the principal office of the corporation in this State. There, the petitioning stockholder, after having been refused the right to obtain a complete list of the corporation's stockholders at the office of the registrar of the company in New York, and after having been told by the company's treasurer in Philadelphia that the books were in the personal possession of the company's president who, at the time, was in Newport, Rhode Island, visited the principal office of the Company in this State for six consecutive days only to find it closed. It was, of course, held that the statute had not been complied with; and that an actual demand, and demands elsewhere, were unnecessary. Here the petitioner's demand reached the corpora-

tion. It was refused for an insufficient reason. The objection that it was not made at the respondent's statutory office in this State is frivolous. *Eldred v. Elliott*, 161 *Mich.* 262, 126 *N. W.* 219. The petition, whatever may be its general defects considered from the standpoint of nice pleading, shows a violation of the petitioner's clear legal right. The motion to dismiss the petition is denied.