THE STATE OF DELAWARE, on the relation of Benjamin Foster, *v.* THE STANDARD OIL COMPANY OF KANSAS, a corporation of Delaware.

174

(*February* 7, 1941.)

LAYTON, C. J., sitting.

*Harold B. Howard* (of *Hering, Morris, James* and *Hitchens*) for the relator.

*Aaron Finger* (of *Richards, Layton and Finger*) for the defendant.

Superior Court for New Castle County, Mandamus, January Term, 1941.

LAYTON, Chief Justice:

The relator, a stockholder of the defendant company, seeks to assert his statutory right to inspect the stock ledger (*Rev. Code* 1935, § 2061) and to make a copy of the list. See *State v. Superior Oil Corp.*, 1 *Terry* (40 *Del.*) 460, 13 *A.* 2d 453. It appears that the relator is a complainant in a pending equity suit, derivative in character, wherein the propriety of certain acts and conduct of the president of the defendant company are questioned; and when, in the first instance, examination of the stock ledger was requested, the relator was asked to state the purpose for which the examination was sought. In a letter attached to the petition the reasons for the proposed examination were stated to be: 1. that the relator desired to communicate with other stockholders of the company to give them a summary of the allegations contained in the pleadings in the pending action in the Court of Chancery, (2) to ascertain whether any of the stockholders desired to become associated with the relator in the conduct of the litigation in accordance with the terms of the tender made to the stockholders, and (3) to determine whether the stockholders desired to effect a change in the personnel of the board of directors at the next annual meeting of stockholders, and

to solicit proxies for that purpose. It further appears from a reply letter written by counsel for the defendant, and likewise attached to the petition, that examination of the stock ledger for the purposes declared would not be permitted because, in view of the pending litigation, it was thought that the purposes were improper.

Answering this part of the petitio, the defendant avers the pendency of a suit in the Court of Chancery brought by the relator against the defendant company, one Wrightsman, its president, and another corporation, by which the complainant was seeking to assert alleged derivative rights; that answers to the bill of complaint had been filed setting up complete defenses; that the bill of complaint contained reckless and unwarranted charges against Wrightsman, which were denied by the answers filed; that the defendant company was largely dependent on Wrightsman for the successful conduct of its operations, and it was important that the existing friendly relations between him and the corporation continue; that the dissemination by the relator among the stockholders of the company of statement of alleged facts sharply in dispute and the subject of the pending litigation, and of the reckless and unwarranted charges in issue, would be injurious to the defendant; that although the defendant withheld from the relator the right to make a list of the names and addresses of the stockholders it agreed to make the stock ledger available for the relator's examination for purposes having to do with the preparation of the suit in equity; that no application had been made to the Court of Chancery to require the production of the defendant's stock ledger; and that the bill in equity, as amended, was a class bill, but purported to permit other stockholders to become parties thereto only on condition that they would assume a pro rata share of the expenses of the litigation.

The relator, conceiving that no sufficient defense was shown by the answer, moved that the writ of mandamus issue notwithstanding answer.

 Based on the averments of the answer the defendant offers certain reasons why the prayer of the petition should be denied. 1. The relator has been offered access to the defendant's stock records for all purposes connected with the prosecution of his suit in the Court of Chancery.

Of itself, the reason advanced has no merit. The right of a stockholder of a Delaware corporation under the statute is absolute unless the corporation is able to show that the purpose of examination is to gratify idle curiosity, or is for an improper or unlawful purpose, or for a purpose purely individual and in no way germane to the relationship of stockholder to the corporation. *State v. Cities Service Co.*, 1 *W. W. Harr.* (31 *Del.*) 514, 115 *A.* 773, 22 *A. L. R.* 8; *Insuranshares Corp. v. Kirchner*, 1 *Terry* (40 *Del.*) 105, 5 *A.* 2d 519. The stockholder's right exists and persists without regard to the pendency of an action brought by him against the corporation. It is a right distinct and apart from litigation; and the defendant corporation, for that reason alone, cannot assume to limit or abridge the right.

 2. The relator's avowed purpose for the examination is directly connected with the pending litigation in the Court of Chancery, and since that Court has power to direct the defendant to submit its records to examination by the complainant there, the relator here, this Court should not exercise the discretionary jurisdiction enjoyed by it.

The Court of Chancery has no jurisdiction to order an inspection by a stockholder of corporate books and records

as a matter of independent and primary relief. It does possess and will exercise such power incidentally, where it appears that the information contained in the books and records will be of material and relevant assistance in support of any allegation of the bill of complaint or issue submitted by the litigation. *Parrish v. Commonwealth Trust Co.*, 21 *Del. Ch.* 121, 181 *A.* 658; *See State ex rel. Crowder v. Sperry Corporation*, 2 *Terry* (41 *Del.*) 84, 15 *A.* 2d 661. It is not easy to see how an examination of the stock ledger by the relator here would aid him in sustaining his side of the issues in the litigation pending in the Court of Chancery except in a sense remote and irrelative. Certainly the possibility, or probability, of inducing other shareholders to contribute to the expense of the litigation is not such aid as is within the scope of the principle announced in the Parrish case. The doubt, if there be a doubt, should be resolved in favor of the statutory right of the shareholder.

3. The facts raise a question as to the propriety of the course proposed to be taken by the relator in respect of the pending litigation in Chancery, and this Court should not exercise its discretion in favor of the relator.

Substantially this objection is, that as the complainant in the pending suit has made in his bill of complaint charges against the corporation's president which are denied, and which, in the defendant's opinion, are reckless and unwarranted, as the defendant is dependent largely on the president for the successful conduct of its operations, and as it is important that the friendly relations should be maintained, the dissemination among the stockholders of the defendant of alleged facts sharply in dispute in the pending suit would be injurious to the interests of the defendant.

The relator has stated his desire to communicate with other stockholders for the purpose of giving them

"a summary of the allegations contained in the pleadings" in the pending action; and this would seem to include the defendants' denials of wrongful acts. It is not the function of this Court to pass upon the merits of the dispute; nor does the motion admit the truth of patent conclusions contained in the answer. If the charges are untrue, their falsity will, no doubt, be demonstrated; if true they ought to be communicated to the stockholders. If no suit were pending, certainly the corporation could not refuse an examination of its stock ledger because the stockholder desired to communicate with other stockholders for the purpose of informing them of alleged wrongful acts and conduct on the part of the corporation's management, except on a showing of bad faith; and there is no allegation of bad faith here. The objection here bears some resemblance to that offered in *Insuranshares v. Kirchner, supra*. There the purpose of the petitioner was to circularize stockholders to ascertain whether it was their wish to keep an existing board of directors in power, it having more or less perpetuated itself as an outgrowth of prior wrongdoing boards of directors. In opposing the issuance of the writ it was answered, and unavailingly, that the directors were honest and able men who were doing their utmost to right grievous wrongs; that the stockholders had been given all necessary information concerning their company's affairs; and that the circularization of stockholders would only foment discussion and cause discord.

It is likewise difficult to see how the course of conduct proposed to be followed by the relator would prejudice the defendant's rightful interests in the litigation. It will not be hindered or delayed in its proof of the facts of the case; nor will the proceeding in the Court of Chancery, as the matter is viewed, be in any way obstructed by the results flowing from the issuance of the writ. The limitations constructively imposed on the right of stockholders

to examine stock ledgers ought not be so extended as to keep stockholders in ignorance of matters in which they are vitally interested. Again, it is not perceivable how the friendly relations existing between the defendant and its president would be jeopardized by informing the stockholders of the issues presented by the litigation; and, in any event, such friendly relations are not to be maintained at the expense of withholding from stockholders information which they are entitled to have.

4. Although the relator desires to communicate with other stockholders to ascertain whether any of them desire to become associated with him in the conduct of the litigation on condition that they assume a pro rata share of the expense, yet no facts are alleged to show that the relator has incurred expenses of substance; and the tender contained in the bill of complaint is, in effect, an exclusion of other stockholders except on their assuming a share of the expenses.

This contention is utterly foreign to any issue before this Court. Whether the relator, in his role as complainant in the Court of Chancery, has sought improperly to limit participation in the litigation of other shareholders is a question for that Court to determine; and this Court is not called on to decide whether the relator in the Court of Chancery has incurred, or will incur, substantial expense.

5. The relator's purpose for the requested examination is one which would be contrary to public policy to approve.

This contention has, perhaps, been answered. If the allowance of the statutory right constituted in any manner an interference with the course of litigation in the Court of Chancery, the writ would be refused. If the objection is that the writ should be refused merely because an action

against the defendant is pending and that it would be against public policy to acquaint the real owners of the corporation with the circumstances of the litigation, the Court knows of no public policy which would cause it to exercise its legal discretion in favor of the defendant. Rather it is thought that, where litigation is brought in apparent good faith against a corporation for the purpose of redressing supposed corporate wrongs, public policy would be on the side of those who have invested their money in the enterprise.

6. By granting the desired inspection the individual interests of the relator would be served at the expense of the defendant.

As this objection is stated, it has no merit. If it is meant that the relator seeks to assert his statutory right of inspection in some purely individual capacity and in no way germane to the relationship of stockholder, the objection will not bear examination. Where a shareholder, by a class bill, seeks relief against corporate wrongdoing and for the purpose of communicating with other shareholders tries to assert his statutory right of examination of the stock ledger, the purpose of the examination is one intimately connected with stock ownership. In suing, the stockholder, in a sense acts individually, but, in reality, he sues on behalf of the corporation. The right of inspection in such case is not for a purpose disassociated from stock ownership.

Quite apart from the matter of the pending litigation, the relator is entitled to the relief sought. One of the purposes of the desired examination is to enable the relator to communicate with other shareholders to ascertain whether they desire to effect a change in the personnel of the board of directors at the next annual meeting of the stockholders and to solicit proxies for that purpose.

There is nothing in the record that the relator was not acting in good faith. The purpose was a proper one. *Insuranshares Corp. v. Kirchner, supra; State v. Superior Oil Corp., supra.*

 By what is termed a "further answer," a question of procedure is raised. It is averred that the petition should have been filed by and in the name of the person seeking the writ, and not in the name of the State. The argument is that, as the statute has conferred upon stockholders of Delaware corporations the right to examine stock ledgers, the writ of mandamus, when applied for to enforce the right, has no longer a prerogative character, and the proceeding should be in the name of the actual party in interest. However difficult it may be to discover any satisfactory reason why a proceeding such as this should not be conducted in the name of the actual party in interest as in ordinary civil actions for the protection of civil rights, yet the practice is of ancient origin, has been uniformly followed, and is open to no substantial objection. See *High's Extraordinary Legal Remedies* (3d Ed.) 418; 5 *Fletcher, Corp.* 668; 38 *C. J.* 835.

The relator's motion is granted. An order will be entered.