**LOEW'S THEATRES, INC., Plaintiff,**

**v.**

**COMMERCIAL CREDIT COMPANY,
Defendant.**

Court of Chancery of Delaware.

New Castle.

June 10, 1968.

David F. Anderson, of Potter, Anderson
& Corroon, Wilmington, for plaintiff.

Robert H. Richards, Jr., E. Norman Veasey, and Richard F. Balotti, of Richards, Layton & Finger, Wilmington, for defendant.

DUFFY, Chancellor:

This is an action in which plaintiff, Loew's Theatres, Inc., a New York corporation ("Loew's"), seeks an order under 8 Del.C. § 220 permitting it to inspect the stock ledger and a list of stockholders of defendant, Commercial Credit Company ("Commercial Credit"), a Delaware corporation.

Loew's is the holder of record of 100 shares of Commercial Credit's common stock and claims to be the beneficial owner of 1,000,700 shares. Commercial Credit has about 10,533,628 shares outstanding. Loew's made demand for inspection, which was refused by Commercial Credit on May 9, 1968; this suit followed on May 17. The time for answer was shortened under Chancery Rule 12(a),[1] Del.C.Ann., and answer was filed on May 27.

Several issues are raised by motions and by affirmative defenses in the answer (but none of these involve an "improper purpose" on the part of Loew's). All matters were briefed and argued thereafter on June 5.

### A.

I first consider Commercial Credit's motion to strike the affidavit and supplemental affidavit (referred to in the singular hereafter) of Lester Pollack, Secretary and General Counsel of Loew's. Commercial Credit contends that the affidavit is no more than a verified brief and does not meet the requirements of Chancery Rule 56(e).[2] It says that the affidavit is not based upon personal knowledge, does not contain facts which would be admissible in evidence and therefore should be stricken.

Loew's concedes that the affidavit combines knowledge and argument. I agree. It is a lamentable admixture of advocacy with fact which violates the spirit of the Rule. But it does not necessarily follow that the affidavit must be dismissed in its entirety. On the contrary, the Court may strike or disregard the inadmissible parts and consider the rest of the affidavit. 6 Moore's Federal Practice (2 ed.) § 56.22. This means that the Court may, if the parts which comply with the Rule are severable from those which do not, rely upon the former in considering a motion to which the affidavit is directed. Cases considering affidavits which completely fail to comply with the Rule, or in which severability is not practical, are for those reasons not helpful here.

Mr. Pollack swears affirmatively as to his duties and the reason why he has personal knowledge of certain pertinent facts. He says that Loew's does not transact business of any kind in Delaware, does not maintain any branch offices, agents or representatives in Delaware, does not have any employees here, and does not have a bank account in Delaware. He also states that:

"Loew's owns all the stock of Castle Realty, Inc., a Delaware corporation, which does do business in Delaware as the owner and operator of a theatre in Wilmington, Delaware. However, all the business done in connection with the ownership and operation of such theatre in Delaware is performed and done by said Castle Realty, Inc. and its employees."

1. The Rule provides in part:
   "For cause shown the Court may shorten * * * the time periods [20 days for answer] specified herein."

2. The Rule provides in part:
   " * * * Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * * "

■ I regard the foregoing as being made under the Rule, and Commercial Credit's motion will be denied to the extent that it seeks to strike those averments. It is unnecessary to consider other aspects of the motion to strike.

### B.

■ Commercial Credit has moved under 8 Del.C. § 383 [3] to dismiss the complaint on the ground that Loew's is without authority or capacity to maintain the action.

The factual contention which underlays the motion is based entirely on the 1967 annual report of Loew's Theatres, Inc., That report includes a listing of "Loew's Theatres in the U.S.A. and Canada" which includes "Loew's Aldine" in Wilmington, Delaware. Commercial Credit also points out that the report refers generally to various theatres which "Loew's" owns and operates. Loew's admittedly has not qualified as a foreign corporation to do business in Delaware and, Commercial Credit argues, the annual report shows that it is operating a theatre here.

Since the motion to strike will be denied, Mr. Pollack's affidavit remains of record, and in it he states that the theatre in Wilmington is owned and operated by a wholly-owned corporate subsidiary. I do not regard this as being in any way materially inconsistent with the 1967 annual report. The papers on both sides show that Loew's operates a theatre in Delaware. But how? That is the question. The financial statements in the annual report are "consolidated" balance sheets and statements of income and retained earnings for "Loew's Theatres, Inc., and subsidiary companies." The Pollack affidavit shows

that this particular theatre is operated (and owned) by and through a wholly-owned subsidiary. And that is not contraverted. Nor does Commercial Credit contend that mere ownership of all stock in a Delaware corporation is sufficient to require compliance with 8 Del.C. § 383.

There is nothing before the Court which permits invocation of 8 Del.C. § 383, nor has Commercial Credit shown the existence of a material dispute of fact which persuades me to defer a ruling on the matter until trial. Accordingly, Commercial Credit's motion to dismiss the complaint (and for summary judgment) will be denied.

### C.

I next consider the second affirmative defense, which is based on a paragraph that has been in Commercial Credit's certificate of incorporation since 1912. It reads as follows:

"The books of this Corporation, including such books as show the names of the stockholders thereof, and their places of residence and number of shares held by them, shall during the usual business hours of every business day, be open for the inspection of any person or persons holding in the aggregate twenty-five per cent (25%) of any class of the outstanding capital stock."

Defendant says that the right to inspect should be denied because Loew's does not hold 25% of its stock. It argues that this is in harmony with the statute because all stockholders, by the charter provision, have contracted not to exercise a right given individual stockholders by the general corporation law.

3. In pertinent part the statute provides:
"A foreign corporation which is required to comply with the provisions of sections 371 and 372 [to do business in Delaware] of this title and which has done business in this State without authority shall not maintain any action or special proceeding in this State unless and until such corporation has been authorized to do business in this State and has paid to the State all fees, penalties and franchise taxes for the years or parts thereof during which it did business in this State without authority."

The statute, 8 Del.C. § 220, states in part:

"Any stockholder, * * * shall upon written demand under oath stating the purpose thereof, have the right during the usual hours for business to inspect for any proper purpose the corporation's stock ledger, a list of its stockholders, and its other books and records, and to make copies or extracts therefrom. * *"

Commercial Credit's argument, while somewhat ingenious, is neither new nor persuasive. It has been made before and found wanting. The established Delaware law is that the contract rights of the stockholders, in the sense of relations *inter sese,* do not rest upon an unchangeable base, but are subject to alteration under the amendatory provisions of the general law. Hartford A. & I. Co. v. W. S. Dickey C. M. Co., 1942, 26 Del.Ch. 411, 24 A.2d 315. And a charter provision which seeks to waive a statutory right or requirement is unenforceable. Gaskill v. Gladys Belle Oil Co., 1929, 16 Del.Ch. 289, 146 A. 337. Commercial Credit has not cited any cases in support of its argument other than those which establish the general and undisputed proposition that a charter is, among other things, a contract among the stockholders.

Section 220 gives "any" stockholder a "right" to inspect a list of stockholders. It follows that Commercial Credit's certificate of incorporation limiting inspection to a person or persons holding 25% of the outstanding stock is void.

### D.

In its third affirmative defense, Commercial Credit alleges that Loew's cannot use the stockholder list for communicating with other stockholders until such time as it receives approval from the Securities and Exchange Commission; since Commission approval has not been received, Commercial Credit contends that application here is premature.[4]

This defense presents extraneous and irrelevant matters which will not be considered by the Court in an action to compel the inspection of a stock list. General Time Corporation v. Talley Industries, Inc., Del.Super.1968, 240 A.2d 755.

### E.

Finally, I turn to Loew's motion for summary judgment. In *General Time* the Supreme Court very recently said:

"In short, we are of the opinion that when a stockholder establishes his status as such, and seeks production of a stockholders' list for a purpose germane to that status, such as a proxy solicitation, he is entitled to its production."

Under the statute the burden of proof is upon Commercial Credit to establish that the inspection sought by Loew's is for an improper purpose. As I have said, Commercial Credit does not allege that Loew's purpose is improper and its arguments are limited to those which I have already discussed. In short, the record establishes that Loew's made out a prima facie case under the statute, a matter which defendant tacitly seems to concede, and the legal arguments which Commercial Credit relies upon have been found waiting.

The statute provides that the Court may "summarily order" inspection. Both its history and the judicial construction of its predecessor show that prompt relief should be afforded to a stockholder who meets its terms. Summary judgment is an appropriate way to proceed and I conclude that Loew's has established its right to it. An order will be entered accordingly.

---

4. According to Mr. Pollack, Loew's proposes to make an exchange offer to other holders of Commercial Credit stock, offering to exchange Loew's 5½% Convertible Subordinated Debentures due 1993 for common stock. The offer is to be made by a prospectus after a registration statement becomes effective.