**RAINBOW NAVIGATION, INC., a Delaware Corporation, Defendant Below, Appellant,**

v.

**PAN OCEAN NAVIGATION, INC., a Nevada Corporation, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Sept. 29, 1987.
Decided: Nov. 30, 1987.

Theodore W. Rosenak (argued), and Jayme I. Rizzolo, of Zuckert, Scoutt, Rasenberger & Johnson, Washington, D.C., John H. Benge, Jr., of Allmond, Eastburn & Benge, Wilmington, on behalf of appellant.

Richard S. Simon (argued), and William P. Frank, of Skadden, Arps, Slate, Meagher & Flom, New York City, Edward P. Welch, Andrew J. Turezyn, and Kevin F. Brady, of Skadden, Arps, Slate, Meagher & Flom, Wilmington, on behalf of appellee.

Before MOORE, WALSH and HOLLAND, JJ.

HOLLAND, Justice:

This appeal involves an action by Pan Ocean Navigation, Inc. ("Pan Ocean") for an order permitting it to inspect the books and records of Rainbow Navigation, Inc. ("Rainbow") pursuant to 8 *Del.C.* § 220. Any stockholder, "upon written demand under oath stating the purpose thereof," has the right to inspect the corporation's books and records. *Id.* § 220(b). However, as used in Section 220 " 'stockholder' means a stockholder of record." *Id.* § 220(a). Moreover, the stock ledger is "the only evidence as to who are the stockholders entitled to examine ... the books of the corporation...." *Id.* § 219(c).

This case raises an important issue of first impression because Rainbow has not maintained a stock ledger and thus, of course, Pan Ocean is not a stockholder of record as defined under a literal reading of Section 219. Nevertheless, Pan Ocean argues that it is a record stockholder of Rainbow and has a right to inspect its books and records, even though Rainbow's stock ledger is blank. The Court of Chancery conducted a trial and concluded that Pan Ocean is entitled to be treated as record owner of Rainbow stock. We affirm that decision.

*Facts*

Rainbow Navigation, Inc. is a Delaware corporation which was formed on July 15, 1983 to operate a liner service, primarily transporting U.S. military cargo between the United States and Iceland. Its certificate of incorporation authorized the issuance of 1,000 shares of common stock. Rainbow, however, has never made any entries into its stock ledger.

Pan Ocean Navigation, Inc. is a Nevada corporation which is wholly owned by a pension plan established by a labor union. The pension plan is the Master, Mates and Pilots Individual Retirement Account Plan ("the IRAP"). As of April 1983, the IRAP had entered into an "Investment Management Agreement" with Tower Asset Management, Inc. ("Tower Asset"), contemplating the investment by Tower Asset of some of the IRAP's trust funds.

In 1983, Rainbow was afforded an opportunity to transport military cargo between Norfolk, Virginia and Iceland. Rainbow presented a proposal to the IRAP, and they entered into an agreement. The IRAP would lend Rainbow some seed capital; and Rainbow would repay the loan, give the IRAP an equity interest in the company, and use crews from the Master, Mates and Pilots' union. Apparently, based on its interpretation of the federal ERISA statute,[1] Tower Asset, acting as the IRAP's agent, determined that it would be best for the IRAP's interest in Rainbow to be held through Pan Ocean. Rainbow admits that for unexplained reasons, however, it failed to prepare the certificates in the name of Pan Ocean.

Pan Ocean instituted this action against Rainbow alleging that it is a record stockholder of Rainbow and seeking enforcement of its right to inspect Rainbow's

**1.** Employee Retirement Income Security Act of 1974, Pub.L. No. 93–406, 88 Stat. 829 (codified as amended in scattered sections of 5, 18, 26 & 29 U.S.C.).

books and records pursuant to 8 *Del.C.* § 220. Rainbow denied that Pan Ocean is a stockholder of record and denied that Pan Ocean has the right to inspect because: (i) the stock ledger is the only evidence of stockholder of record status; (ii) Rainbow's stock ledger contains no evidence that Pan Ocean is a Rainbow stockholder; (iii) even a beneficial owner of Rainbow stock, if Pan Ocean were such, would have no right to examine its books and records; and (iv) Pan Ocean is not entitled to inspect Rainbow's books and records as a matter of equity.

### Duty to Maintain Stock Ledger

The purpose of the stock ledger is to enable the corporation to determine who is eligible to exercise the important rights of a stockholder:

> The stock ledger shall be the only evidence as to who are the stockholders entitled to examine the stock ledger, the list required by this section or the books of the corporation, or to vote in person or by proxy at any meeting of stockholders.

8 *Del.C.* § 219(c).

■ In Delaware, the right of a stockholder to inspect and examine the books and records of a corporation was originally recognized at common law. That right can only be taken away by statutory enactment. *State ex rel. Healy v. Superior Oil Corp.*, Del.Super., 13 A.2d 453, 454 (1940) (citing *State ex rel. Cochran v. Penn–Beaver Oil Co.*, Del.Supr., 143 A. 257 (1926)). In addition to the common law right of inspection, the unique nature of the right to examine the stock ledger has been recognized by its codification in 8 *Del.C.* § 220(b). The right to examine the corporation's stock ledger is hollow, indeed, if it can be defeated by never maintaining such a record. If the common law right of a stockholder to examine a corporation's books can only be diminished by legislation, *a fortiori*, the statutorily guaranteed right to examine the stock ledger cannot be frustrated by nonfeasance. We find it implicit in Sections 219 and 220 that Delaware corporations have an affirmative duty to maintain a stock ledger. *Cf. Bryan v. Western Pac. R.R. Corp.*, Del.Ch., 35 A.2d 909, 914 (1944); 8 *Del.C.* §§ 219–220.

### Non–Existence of Stock Ledger

■ Delaware law provides that the "stock ledger shall be the only evidence as to who are the stockholders entitled to examine the stock ledger...." 8 *Del.C.* § 219(c). Rainbow argues that since its ledger is completely blank, Pan Ocean cannot prove that it is a stockholder of record entitled to inspect the corporate books and, therefore, the request for inspection must be denied. Thirty-one years ago, we noted that courts "are obliged to give to the language of a statute a plain and sensible meaning having in mind its purpose and intent." *Magill v. North Am. Refractories Co.*, Del.Supr., 128 A.2d 233, 236 (1956) (quoting *Darling Apartment Co. v. Springer*, Del.Supr., 22 A.2d 397, 402 (1941)).

Section 219 cannot be read in isolation, as Rainbow argues, but must be considered in the context of Section 220. Section 220(c) vests the Court of Chancery "with exclusive jurisdiction to determine whether or not the person seeking inspection is entitled to the inspection sought." We have previously found it unnecessary to decide if the Court of Chancery has the power to go beyond the stock ledger in a Section 220 proceeding. *See Western Air Lines, Inc. v. Kerkorian*, Del.Supr., 254 A.2d 240, 242 (1969). In situations where, as here, there is no stock ledger or the stock ledger is blank, the Court of Chancery, in making its determination of a person's status as a stockholder of record, "is empowered to examine all pertinent evidence with the view of reaching a determination of where justice lies." *In re Canal Constr. Co.*, Del. Ch., 182 A. 545, 548 (1936). We now hold that when the stock ledger is blank or non-existent, the Court of Chancery has the power to consider other evidence to ascertain and establish stockholder status.

■ In this case, the Court of Chancery conducted a trial to examine such other evidence. The documents, depositions and testimony all support the finding that Rainbow, and its officers and directors re-

peatedly recognized that Pan Ocean owned shares of Rainbow stock. For example, on July 25, 1984, Mr. Mark Yonge, President of Rainbow, wrote to Rainbow's outside legal counsel as follows:

> I am returning share certificate no. 4 [for] 250 shares originally issued to Tower Securities, Inc. Please reissue shares in the name of Pan Ocean Navigation, Inc., address same as Tower in New York City.[2]

Another document dated January 1, 1985 and entitled "Shareholders Agreement" was signed by Mr. Yonge for Rainbow shareholder HTI Shipping, Inc.; Mr. Nickel H.S. Van Reesema as a second Rainbow shareholder; and by the President of Pan Ocean on behalf of Pan Ocean as the third Rainbow shareholder. The Shareholders Agreement set forth provisions governing the management of Rainbow; it also provided:

> The parties agree and confirm that as of the date of this Agreement the stock of RAINBOW is owned as follows:
>
> | | |
> |---|---|
> | HTI | 450 shares |
> | VAN REESEMA | 250 shares |
> | PAN OCEAN | 300 shares |

The Shareholders Agreement has not been amended or superseded, nor has a material transfer of stock among those persons occurred. Other documents and the actions of the parties also demonstrated that Rainbow considered Pan Ocean to be one of its stockholders.

### Stockholder of Record

Rainbow argues that even if it is proper to examine other evidence, due to the absence of a stock ledger, the Court of Chancery did not make a specific finding that Pan Ocean is a stockholder of record. Rainbow argues further that the proper procedure in this case should have been a bifurcated one to first determine Pan Ocean's status as a stockholder and then to examine its purpose for requesting inspection. The normally expedited nature of the litigation following a demand for inspection would be frustrated by such a protracted procedure. The Court of Chancery has the authority under Section 220(c) to determine if inspection should be granted in one proceeding which examines *both* the person's status as a stockholder and the purpose of the demand for inspection.

Nonetheless, Rainbow's assertion that it was incumbent upon the Court of Chancery to find that Pan Ocean is a stockholder of record is correct. The Court of Chancery concluded that either Pan Ocean or the IRAP is a stockholder of record of Rainbow. The Court of Chancery then held that because Pan Ocean was a wholly-owned subsidiary of the IRAP, it was unnecessary to specifically determine which entity was the stockholder of record. However, the difference between a parent corporation and its subsidiary is an important distinction.[3] That distinction is as important as the difference between the nominal stockholder of record and the beneficial owner of the stock. The rights of stockholders under Delaware corporate law are generally limited to the *stockholders of record*.[4] This important principle has been reaffirmed by this Court today. *See Enstar v. Senouf,* Del.Supr., 535 A.2d 1351 (1987). Therefore, we hold that establishing oneself as a stockholder of record is a mandatory condition precedent to the right to make a demand for inspection under 8 *Del.C.* § 220.

This requirement has been satisfied in this case because the Court of Chancery found that if it were to determine whether the IRAP or its wholly-owned subsidiary is the stockholder, the record would point to Pan Ocean. Moreover, in the final order implementing the written opinion the Court of Chancery specifically found that for purposes of 8 *Del.C.* § 220 Pan Ocean is enti-

---

**2.** Rainbow's counsel failed to prepare a certificate in accordance with these instructions.

**3.** This Court has recently emphasized the significance of the distinction between a parent corporation and its subsidiary in reviewing an application of the internal affairs doctrine. *See McDermott Inc. v. Lewis,* Del.Supr., 531 A.2d 206 (1987).

**4.** *See In re Northeastern Water Co.,* Del. Ch., 38 A.2d 918, 920–21, 923–24 (1944); *In re Giant Portland Cement Co.,* Del. Ch., 21 A.2d 697, 700–02 (1941); *Atterbury v. Consolidated Coppermines Corp.,* Del. Ch., 20 A.2d 743, 748–49 (1941). *But see* 8 *Del.C.* § 217 (setting forth the voting rights of fiduciaries, pledgors and joint owners of stock).

tled to be treated as the record owner. We conclude that the record supports a finding that Pan Ocean is a record stockholder in Rainbow.

### Conclusion

We hold that a court may look to evidence which is extrinsic to the stock ledger for the purpose of deciding whether a person possesses record stockholder status only when the corporation does not have a stock ledger or has a blank stock ledger. Our holding is limited to situations in which the stock ledger is blank or nonexistent. Rainbow has a blank stock ledger. We find that Pan Ocean has conclusively established, by evidence extrinsic to the stock ledger, that it is a stockholder of Rainbow.

When a stockholder establishes his status as the record owner and seeks inspection for a purpose germane to that status, he is entitled to production. *General Time Corp. v. Talley Indus., Inc.*, Del.Supr., 240 A.2d 755, 756 (1968).[5] Rainbow does not dispute that Pan Ocean has requested inspection for a proper purpose. Therefore, the decision of the Court of Chancery granting Pan Ocean the right to inspect Rainbow's books and records is AFFIRMED.

---

5. *See also Trans World Airlines, Inc. v. State ex rel. Porterie*, Del.Supr., 183 A.2d 174, 175–76 (1962); *State ex rel. Foster v. Standard Oil Co. of Kan.*, Del.Super., 18 A.2d 235, 237–38 (1941); *State ex rel. Healy v. Superior Oil Corp.*, Del.Super., 13 A.2d 453, 454 (1940).