**COMPAQ COMPUTER CORPORATION,
a Delaware corporation, Defendant
Below, Appellant,**

v.

**Charles E. HORTON and Cede & Co., a
New York Partnership, Plaintiffs
Below, Appellees.**

Supreme Court of Delaware.

Submitted: Feb. 9, 1993.

Decided: Oct. 4, 1993.

**2**

Allen M. Terrell, Jr., Frederick L. Cottrell, III, David L. Finger, Richards, Layton & Finger, Wilmington, William E. Wurtz (argued), Davis Polk & Wardwell, New York City, of counsel, for appellant.

Joseph Grey (argued), April Caso Ishak, Bruce E. Jameson, Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Stuart J. Starry, Fleming, Hovenkamp & Gray, Houston, TX, of counsel, for appellees.

William O. LaMotte, III, A. Gilchrist Sparks, III, Morris, Nichols, Arsht & Tunnell, Wilmington, for amicus curiae The Business Roundtable.

Before HORSEY, MOORE and HOLLAND, JJ.

MOORE, Justice.

This is a stocklist case arising under 8 *Del.C.* § 220(b) of our General Corporation Law. The issue is whether a shareholder states a proper purpose for inspection under our statute in seeking to solicit the participation of other shareholders in legitimate non-derivative litigation against the defendant corporation. The Court of Chancery found that the litigation concerned alleged corporate wrongdoing that affected the value of the plaintiff's stock. Accordingly, the trial court concluded that plaintiff's desire to contact other stockholders, and solicit their involvement in the litigation, was a purpose reasonably related to one's interest as a stockholder. We agree and affirm.

I.

Compaq Computer Corporation's ("Compaq") refused to permit Charles E. Horton ("Horton"), a Compaq stockholder, to inspect its stock ledger and other related materials. Horton has beneficially owned 112 shares of Compaq common stock continuously since December 6, 1990. Cede & Co., a nominal party to this action, is the record holder of these shares.

On July 22, 1991, Horton and seventy eight other parties sued Compaq, fifteen of its advisors and certain management personnel (the "Texas litigation"). Horton and the other plaintiffs allege that Compaq and its co-defendants violated the Texas Security Act and the Texas Deceptive Trade Practices Consumer Protection Act. Plaintiffs also charge defendants with a continuing pattern of misconduct involving common law fraud, conspiracy, aiding and abetting, fraudulent concealment and breach of fiduciary duty. All these claims arise from the contention that Compaq misled the public as to the true value of its stock at a time when members of management were selling their own shares. The plaintiffs seek individual damages.

On September 22, 1992, Horton, through counsel, delivered a letter demanding to inspect Compaq's stock ledger and related information for the period from October 1, 1990 to June 30, 1991, to the extent such information is available and in the possession or control of Compaq. The demand letter stated that the purpose of the request was:

> [T]o enable Mr. Horton to communicate with other Compaq shareholders to inform them of the pending shareholders' suit of *Charles E. Horton, et al. v. Com-*

paq Computer Corporation and Joseph R. Canion and to ascertain whether any of them would desire to become associated with that suit or bring similar actions against Compaq, and assume a pro rata share of the litigation expenses.

On September 30, 1992, Compaq refused the demand, stating that the purpose described in the letter was not a "proper purpose" under Section 220(b) of the General Corporation Law of the State of Delaware. After this action was filed in the Court of Chancery, the parties presented cross-motions for summary judgment. Compaq conceded that Horton had met all of the technical requirements for making a demand under 8 Del.C. § 220, and that the only issue remaining for the trial court to resolve was whether Horton stated a proper purpose for inspecting the various documents.

On November 12, 1992, the Court of Chancery ordered Compaq to permit Horton and Cede to inspect and copy the stockholder lists and related stockholder information requested in their demand letter. The Vice Chancellor ruled that even though the Texas litigation is neither derivative, nor brought for the benefit of Compaq, it concerns alleged corporate wrongdoing that affected the value of Horton's Compaq stock. *Horton & Cede Co. v. Compaq Computer Corporation*, Del.Ch., C.A. No. 12,741, Berger, V.C. (November 12, 1992) (ORDER). Accordingly, Horton stated a proper purpose reasonably related to his interest as a Compaq stockholder.

## II.

■ The question of a "proper purpose" under Section 220(b) of our General Corporation Law is an issue of law and equity which this Court reviews *de novo*. *Oberly v. Kirby*, Del.Supr., 592 A.2d 445, 462 (1991); *see, e.g., Western Air Lines, Inc. v. Kerkorian*, Del.Supr., 254 A.2d 240 (1969) (court reviewed proper purpose determination in stocklist case *de novo*).

## A.

■ In Delaware, a shareholder's common law right to inspect the stock ledger is codified in 8 *Del.C.* § 220(b). It provides in pertinent part:

> Any stockholder ... shall, upon written demand under oath stating the purpose thereof, have the right during the usual hours for business to inspect for any proper purpose the corporation's stock ledger.... A proper purpose shall mean a *purpose reasonably related to such person's interest as a stockholder.*

8 *Del.C.* § 220(b) (emphasis added). Under Section 220, when a stockholder complies with the statutory requirements as to form and manner of making a demand, then the corporation bears the burden of proving that the demand is for an improper purpose. 8 *Del.C.* § 220(c); *Loew's Theaters, Inc. v. Commercial Credit Co.*, Del.Ch., 243 A.2d 78, 81 (1968). If there is any doubt, it must be resolved in favor of the statutory right of the stockholder to have an inspection. *State ex rel. Foster v. Standard Oil Co. of Kansas*, Del.Super., 18 A.2d 235, 238 (1941).

## B.

■ Horton contends that this purpose is not only proper, but was earlier approved in *State ex rel. Foster v. Standard Oil Co. of Kansas*, 18 A.2d at 239. The holding in *Standard Oil* has been interpreted by a number of authoritative treatises for the proposition Horton advances—that shareholders may inspect stocklists for the purpose of communicating with fellow shareholders, not only about pending litigation, but to solicit their interest in joining it. *See* 1 WILLIAM M. FLETCHER, FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 2225 (PERM.ED.REV.VOL. 1992); ERNEST L. FOLK ET AL., FOLK ON THE DELAWARE GENERAL CORPORATION LAW § 220.7.3 AT 490–91 (2ND ED. 1990); HENN AND ALEXANDER, CORPORATIONS § 199, AT 537 (3D ED. 1986). Most of the cases cited, however, involved derivative suits. Under the circumstances here, we consider that to be a distinction without a difference. *See, e.g., Standard Oil of Kansas*, 18 A.2d at 238; *State ex rel. Bloch v. Sentry Safety Control Corp.*, Del.Supr., 24 A.2d 587 (1942);

*Baker v. Macfadden Publications, Inc.*, N.Y.Ct.App., 300 N.Y. 325, 90 N.E.2d 876 (1950). *But see Trans World Airlines, Inc. v. State ex rel. Porterie*, Del.Supr., 183 A.2d 174 (1962) (implying that an individual claimant could have bought shares in his own name and then filed a personal claim for damages).

Essentially, Horton alleges that it is in the interests of Compaq's shareholders to know that acts of mismanagement and fraud are continuing and cannot be overlooked. Thus, it is assumed that the resultant filing of a large number of individual damage claims might well discourage further acts of misconduct by the defendants. In this specific context, the antidotal effect of the Texas litigation may indeed serve a purpose reasonably related to Horton's current interest as a Compaq stockholder.

### C.

■ We recognize that even though a purpose may be reasonably related to one's interest as a stockholder, it cannot be adverse to the interests of the corporation. *CM & M Group, Inc. v. Carroll*, Del.Supr., 453 A.2d 788, 792 (1982); *Skoglund v. Ormand Industries, Inc.*, Del.Ch., 372 A.2d 204, 207 (1976); *State ex rel. Miller v. Loft, Inc.*, Del.Super., 156 A. 170, 172 (1931). In this respect, it becomes clear that a stockholder's right to inspect and copy a stockholder list is not absolute. Rather, it is a qualified right depending on the facts presented. *Loft*, 156 A. at 172.

■ Horton's ultimate objective, to solicit additional parties to the Texas litigation, may impose substantial expenses upon the company. Compaq argues, therefore, that such a purpose is per se improper as adverse to the interests of the corporation. Significantly, however, Compaq conceded at oral argument that it could cite no authority in support of its proposition that the purpose behind a demand must benefit the defendant corporation.

Horton, as a current stockholder of Compaq, has nothing to gain by harming the legitimate interests of the company. Moreover, as he argues, the prospect of the Texas litigation poses no legitimate threat to Compaq's interests. The Texas litigation is already pending with seventy-nine plaintiffs. The inclusion of more plaintiffs will not substantially increase Compaq's costs of defending the action. The real risk to Compaq is that any additional plaintiffs, who may join the suit, potentially increase the damage award against the company. Yet, insofar as law and policy require corporations and their agents to answer for the breaches of their duties to shareholders, Compaq has no legitimate interest in avoiding the payment of compensatory damages which it, its management or advisors may owe to those who own the enterprise. *See Standard Oil*, 18 A.2d at 239 (noting that "where litigation is brought in apparent good faith against a corporation for the purpose of redressing supposed corporate wrongs, public policy would be on the side of those who have invested their money in the enterprise"). Thus, common sense and public policy dictate that a proper purpose may be stated in these circumstances, notwithstanding the lack of a direct benefit flowing to the corporation.

Equally important is the fact that if damages are assessed against Compaq in the Texas litigation, the company is entitled to seek indemnification from its co-defendant managers and advisors or to pursue its own claims against them. The availability of this diminishes the possibility that Compaq will suffer any harm at all. It is well-settled that the mere prospect of harm to a corporate defendant is insufficient to deny relief under Section 220. *Skouras v. Admiralty Enterprises, Inc.*, Del.Ch., 386 A.2d 674, 682–83 (1978). Any doubt on the issue must be resolved in favor of the statutory right of the stockholder to an inspection. *Standard Oil*, 18 A.2d at 235, 238. This is especially true where the burden is on the corporation to show an improper purpose. 8 *Del.C.* § 220(c); *Loew's Theaters, Inc. v. Commercial Credit Co.*, Del.Ch., 243 A.2d 78, 81 (1968). Accordingly, we are satisfied that the purpose for which Horton seeks to inspect the stock ledger and related materials is not adverse to the legitimate interests of the company.

### D.

■ This conclusion does not suggest that Compaq's burden of showing an improper purpose is impossible to bear. Previous cases provide valuable examples of the degree to which a stated purpose is so indefinite, doubtful, uncertain or vexatious as to warrant denial of the right of inspection. In *State ex rel. Linihan v. United Brokerage Co.*, Del.Super., 101 A. 433, 437 (1917), the trial court held that instituting annoying or harassing litigation against the corporation was an improper purpose. In *Carpenter v. Texas Air Corp.*, Del.Ch., C.A. No. 7976, Hartnett, V.C., slip op. at 9, 1985 WL 11548 (April 18, 1985), the court ruled improper the stockholder's plan to use a stocklist in furtherance of a scheme to bring pressure on a third corporation. In *General Time Corp. v. Talley Indus., Inc.*, Del.Supr., 240 A.2d 755, 756 (1968), it was recognized that obtaining a list for purposes of selling the stockholder's names was also improper. Finally, in *Insuranshares Corp. of Delaware v. Kirchner*, Del.Supr., 5 A.2d 519, 521 (1939), the Court stated that neither conducting a "fishing expedition" nor satisfying idle curiosity were proper purposes to justify inspection. On the whole, a fair reading of these cases leads to the conclusion that where the person making demand is acting in bad faith or for reasons wholly unrelated to his or her role as a stockholder, access to the ledger will be denied. That simply is not the case here.

■ Horton seeks in good faith to solicit the support of other similarly situated Compaq stockholders, not only to seek monetary redress for their individual economic injuries, but also *to prevent further acts of fraud or mismanagement* from disrupting the fair market value of Compaq's stock.[1] These goals are consistent with at least two different, but analogous purposes that have been previously upheld by our courts, *regardless* of whether the purpose benefitted the corporation or just the claimant alone.

First, in *Weiss v. Anderson, Clayton & Co.*, Del.Ch., C.A. No. 8488, 1986 WL 5970, Allen, C., (May 22, 1986), the Chancellor held that a stockholder's desire to contact other stockholders for the purpose of encouraging them to dissent from a merger and seek their appraisal rights was proper. *Weiss* is analogous to this case insofar as both claimants seek to solicit other stockholders to bring actions against the corporation which may ultimately protect the value of its stock. Second, in *Nodana Petroleum Corp. v. State ex rel. Brennan*, Del.Supr., 123 A.2d 243, 246 (1956), this Court upheld a stockholder's right to inspect the ledger for the purposes of investigating allegedly improper transactions or mismanagement. *Nodana* is similar to this case because Horton also seeks to curb managerial fraud and mismanagement.

### III.

■ We find, therefore, that Compaq's arguments simply fail to meet the burden imposed on it by law to show that Horton acts from an improper purpose. First, Compaq's contention that Horton's demand is not connected to his status as a stockholder is unsubstantiated. Horton's demand is connected to his status as a stockholder because he seeks to bring an end to injuries sustained, past and present, that directly, and adversely, affect his stock ownership. Second, Compaq's complaint that Horton seeks an historical stocklist is inconsequential. Many cases recognize a stockholder's right to investigate past acts of mismanagement. Furthermore, Section 220(b) expressly grants the right to inspect not only a corporation's list of present stockholders, but also the stock ledger.[2]

---

**1.** This is not champerty because Horton does not seek a bargain with a third party to carry on the litigation in Horton's absence at the third party's own risk and expense in consideration of receiving a part of the proceeds. Nor is it maintenance because Horton is not soliciting others as improper and officious intermeddlers who as non-parties would help maintain the costs of the suit.

**2.** *Compare State v. Standard Oil of Kansas*, 18 A.2d at 237; *Skouras v. Admiralty Enterprises, Inc.*, Del.Ch., 386 A.2d 674, 676 (1978); *Estate of Polin v. Diamond State Poultry*, Del.Ch., C.A. No. 6374, Brown, V.C., slip op. at 2, 1981 WL 7612.

Third, Compaq's accusation that Horton only seeks inspection for his personal gain is immaterial. So long as Horton establishes a single proper purpose *related to his role as a stockholder*, all other purposes are irrelevant. *Mite Corp. v. Heli–Coil Corp.*, Del.Ch., 256 A.2d 855, 856 (1969).

Finally, Compaq's contention that Horton's purpose is contrary to the best interests of the corporation and its current stockholders is both speculative and specious. Any harm that may accrue to the corporation as a result of releasing the list is too remote and uncertain to warrant denial of the stockholder's statutory right to inspection. If anything, the corporation and its stockholders, as well as public policy, will best be served by exposure of the fraud, if that is the case, and restoration of the stock to a value set by a properly informed market.

The judgment of the Court of Chancery is AFFIRMED.