**Karen SHAW and Forrest Foster, Plaintiffs–Appellees,**

v.

**AGRI–MARK, INC., Defendant–Appellant.**

No. 1038, Docket 94–7713.

United States Court of Appeals, Second Circuit.

Argued Feb. 8, 1995.

Decided March 2, 1995.

Robert A. Gensburg, St. Johnsbury, VT (Peter Welch, Welch, Graham & Manby, White River Jct., VT, on the brief), for plaintiff-appellees.

Robert B. Hemley, Burlington, VT (Gravel & Shea, Burlington, VT, on the brief), for defendant-appellant.

Before: LUMBARD, KEARSE, and CARDAMONE, Circuit Judges.

Per Curiam:

Certificate to the Supreme Court of the State of Delaware (pursuant to Delaware Supreme Court Rule 41).

### CERTIFICATE OF QUESTIONS OF LAW

This 1st day of March, 1995, this Court has found as follows.

(1) The present action was commenced by plaintiffs Karen Shaw and Forrest Foster in a State court in Vermont and was removed by defendant Agri–Mark, Inc. ("Agri–Mark"), to the United States District Court for the District of Vermont. Plaintiffs sought an order requiring Agri–Mark to allow inspection of certain of its corporate books and records. The district court entered judgment in favor of plaintiffs on the ground that, though not stockholders of record, they are among the real owners of Agri–Mark and should have the right of inspection. Agri–Mark has appealed to this Court. The district court granted a stay of its judgment pending appeal, noting that "the central issue is a purely legal question." Appellate briefs were submitted, and the appeal was argued orally on February 8, 1995; the appeal remains pending during this certification of questions of law to the Supreme Court of Delaware.

(2) The following facts are undisputed. Agri–Mark is a Delaware cooperative corporation organized for the purpose of processing, handling, and marketing milk and milk products of farmers in the New England states and New York. Plaintiffs are "members" of Agri–Mark, i.e., dairy farmers who have each signed a Member Marketing Agreement with Agri–Mark. The Marketing Agreement is a contract by which the member agrees to sell all of his or her milk or milk products to Agri–Mark, which agrees to market the same. Agri–Mark's equity capital is supplied entirely by member contributions to the corporation and retained earnings from the proceeds of Agri–Mark's milk marketing operations.

Agri–Mark's membership is divided into geographical sections that must contain at least 20 members, and into at least 15 regions, each of which must contain at least two sections. Each region is a geographical area containing between 100 and 275 members. Agri–Mark's bylaws establish that every member is entitled to one vote at regional and sectional meetings regardless of the size or number of farms the member owns. Members from each region elect one member of Agri–Mark's board of directors. Members

also elect voting representatives to represent the region at cooperative meetings.

Agri–Mark's stock is held by those of its members who are elected as directors at the cooperative's regional meetings. Each director is, in exchange for one dollar, issued one share of Agri–Mark stock, and the directors are the only stockholders of record. At the expiration of a director's term, he or she must sell his or her share back to Agri–Mark for one dollar. Plaintiffs are not Agri–Mark directors and hence are not stockholders of record.

Only directors vote at annual or special meetings of the stockholders. The bylaws provide that a special meeting of the "cooperative" must be called by the chairman or the secretary of the corporation if requested by 10% of the members; at such a meeting only the regional voting representatives, not all of the members, are allowed to vote. With respect to any matter on which Delaware law guarantees stockholders a right to vote, the director-stockholders as a group are required to vote in accordance with the instruction of the regional voting representatives as a group.

In sum, Agri–Mark's members supply the corporation with equity capital and directly elect its directors; but they are not stockholders of record. The district court found that the members own the corporation and have all "indicia" of stockholders though they are not issued stock.

The district court also found that plaintiffs' purpose in seeking inspection of Agri–Mark's membership list and executive compensation information is proper. Agri–Mark has stated that it does not challenge this finding.

(3) The questions of law set forth below should be certified to the Supreme Court of the State of Delaware for the reasons that follow.

It is an unsettled question of Delaware law whether persons who supply equity capital to a corporation and directly elect its directors, but who are not stockholders of record, have the right to inspect corporate records. It appears to be settled that such persons have no such right under statute, for Delaware has created a statutory right of inspection in favor of a "stockholder," 8 Del.C. § 220(b), has defined "stockholder" to mean "a stockholder of record," 8 Del.C. § 220(a), and has provided that "[t]he stock ledger shall be the only evidence as to who are the stockholders entitled to examine the stock ledger, the list required by this section or the books of the corporation," 8 Del.C. § 219(c). The statutory right of inspection has been construed strictly, and the Delaware Supreme Court has held that "establishing oneself as a stockholder of record is a mandatory condition precedent to the right to make a demand for inspection under 8 *Del.C.* § 220." *Rainbow Navigation, Inc. v. Pan Ocean Navigation, Inc.,* 535 A.2d 1357, 1360 (Del.1987).

The Delaware Supreme Court has also noted, however, that prior to the creation of the statutory right, stockholders enjoyed a right of inspection under Delaware common law, *see, e.g., id.* at 1359, and that this right cannot "be taken away except by a statute that expressly or by necessary implication authorized it," *State ex rel. Cochran v. Penn–Beaver Oil Co.,* 34 Del. 81, 87, 143 A. 257, 259 (Del.1926). It is unsettled, however, (a) whether persons who supplied equity capital to the corporation and directly elected its directors, but were not stockholders of record, had a right of inspection at common law, and, if so, (b) whether that right has survived the enactment of 8 Del.C. § 220. *Compare State ex rel. Crowder v. Sperry Corp.,* 41 Del. 84, 93–94, 15 A.2d 661, 664 (Del.Super.Ct.1940) (holders of voting trust certificates who transferred to voting trustees "all the powers and rights of absolute ownership of every name and nature" did not have a legal right of access enforceable by mandamus), *with Fleisher Development Corp. v. Home Owners Warranty Corp.,* 647 F.Supp. 661, 667 (D.D.C.1986) (predicting that Delaware would recognize common-law right of inspection in owners of non-stock corporation). *Cf. Henshaw v. American Cement Corp.,* 252 A.2d 125, 128 (Del.Ch.1969) (holding that a director who was a stockholder of record but had not complied with § 220's procedural requirements had a common-law right to review books and such right survived the enactment of § 220).

(4) The important and urgent reasons for an immediate determination by the Delaware Supreme Court of the questions certified are that the questions set forth below are ones of first instance in the State of Delaware in the circumstances here concerned. The urgency of resolution of these questions by Delaware's highest court is further demonstrated by the tension exhibited by the cases referred to above. Immediate resolution by the Delaware Supreme Court is particularly appropriate in this case because the material facts either were not in dispute or have been finally resolved by the trial-level court and are not challenged on appeal. The answers to these important questions of law will guide other courts seeking to apply Delaware law to Delaware corporations that are not typical stock corporations and in which neither equitable ownership nor corporate control is evidenced by stock shares.

(5) If certification is accepted, it is recommended that for purposes of the caption on any filing in the Supreme Court of Delaware with respect to the questions certified, plaintiffs Karen Shaw and Forrest Foster be appellants and defendant Agri–Mark, Inc., be appellee.

Now, THEREFORE, IT IS ORDERED that the following questions of law are certified to the Supreme Court of the State of Delaware for disposition in accordance with that Court's Rule 41:

(1) Did persons who supplied equity capital to a cooperative stock corporation and directly elected its directors, but who were not stockholders of record, have a right under Delaware common law to inspect the corporation's books and records?

(2) If the answer to question (1) is yes, did that right survive the enactment of 8 Del.C. § 220?

In accordance with Rule 41, it is recommended that briefs shall be filed in the Delaware Supreme Court in the following order:

*Opening Brief:* Plaintiffs Shaw and Foster.

*Responding Brief:* Defendant Agri–Mark, Inc.

*Reply Brief:* Plaintiffs Shaw and Foster.