**Karen SHAW and Forrest Foster, Plaintiffs–Appellees,**

v.

**AGRI–MARK, INC., Defendant–Appellant.**

No. 1038, Docket 94–7713.

United States Court of Appeals, Second Circuit.

Argued Feb. 8, 1995.

Decided Sept. 27, 1995.

Questions Certified March 2, 1995.

Certified Questions Answered Aug. 2, 1995.

See also: 50 F.3d 117.

Robert A. Gensburg, St. Johnsbury, Vermont (Peter Welch, Welch, Graham & Manby, White River Junction, Vermont, on the brief), for Plaintiffs–Appellees.

Robert B. Hemley, Burlington, Vermont (Gravel & Shea, Burlington, Vermont, on the brief), for Defendant–Appellant.

Before: LUMBARD, KEARSE, and CARDAMONE, Circuit Judges.

PER CURIAM:

■ Defendant Agri–Mark, Inc. ("Agri–Mark"), a corporation organized for the purpose of processing, handling, and marketing milk and milk products of farmers in the New England states and New York, has appealed a judgment of the United States District Court for the District of Vermont which orders Agri–Mark to allow plaintiffs Karen Shaw and Forrest Foster to inspect certain of Agri–Mark's books and records. Agri–Mark is a stock corporation organized under the laws of the State of Delaware. Plaintiffs are among the members of the Agri–Mark cooperative who supply Agri–Mark's equity capital and directly elect its directors; but they are not stockholders of record. Persons who are not stockholders of a corporation have no right under Delaware statutory law to inspect the corporation's books and records. *See, e.g., Rainbow Navigation, Inc. v. Pan Ocean Navigation, Inc.,* 535 A.2d 1357, 1360 (Del.1987) (interpreting 8 Del.C. § 220). The district court's judgment granting plaintiffs access to the books and records of Agri–Mark was based on the court's interpretation of Delaware common law.

■ The sole issue presented on this appeal is whether nonstockholder members of a Delaware stock corporation have the right under Delaware common law to inspect the corporation's books and records. In *Shaw v. Agri–Mark, Inc.,* 50 F.3d 117 (2d Cir.1995), familiarity with which is assumed, we certified the following questions to the Supreme Court of the State of Delaware pursuant to that Court's Rule 41:

(1) Did persons who supplied equity capital to a cooperative stock corporation and directly elected its directors, but who were not stockholders of record, have a right under Delaware common law to inspect the corporation's books and records?

(2) If the answer to question (1) is yes, did that right survive the enactment of 8 Del.C. § 220?

The Delaware Supreme Court accepted the certification and answered the first question in the negative. *See Shaw v. Agri–Mark, Inc.,* 663 A.2d 464 (Del.Sup.Ct.1995). That Court held "that a member of a Delaware stock corporation must be a 'stockholder of record' to be entitled to inspect the books and records of the corporation under our common law." *Id.* at 470 (emphasis omitted).

In light of this authoritative interpretation of Delaware common law, which is contrary to the conclusion reached by the district court in the present action, the judgment of the district court is reversed, and the matter

is remanded for entry of a judgment dismissing the complaint.